ALEXVALE FURNITURE, INC., PLAINTIFF v. ALEXANDER & ALEXANDER OF THE CAROLINAS, FORMERLY ALEXANDER & ALEXANDER, A CORPORATION, AND INDUSTRIAL RISK INSURERS, AN UNINCORPORATED ASSOCIATION, DEFENDANTS

No. 8826SC837

(Filed 18 April 1989)

### 1. Rules of Civil Procedure §§ 15.1, 34— refusal to compel discovery—sanctions for abuse—denial of motion to amend

The trial court's order refusing to compel discovery, sanctioning plaintiff's counsel for abusing discovery, and denying plaintiff's motion to amend the complaint and to reconsider previous orders denying amendment was supported by unchallenged findings that plaintiff's motion to compel discovery sought the production of the same documents sought by a prior motion which had been denied by another judge; plaintiff's second set of interrogatories and third request to produce were beyond the scope of permissible discovery; and plaintiff's motion to amend had been ruled upon twice, was not offered in good faith, and would serve primarily to delay the actions and prejudiced defendants.

### 2. Unfair Competition § 1— unfair insurance business practice— insufficiency of complaint

Plaintiff's complaint was insufficient to state a claim under N.C.G.S. § 58-54.4(11) for unfair or deceptive acts or practices in the business of insurance where it alleged only that defendants "knowingly misrepresented the plaintiff's insurance coverage and failed to act with reasonable promptness in response to plaintiff's claim" but failed to allege that the act complained of was done with such frequency as to indicate a general business practice.

ALEXVALE FURNITURE v. ALEXANDER & ALEXANDER

[93 N.C. App. 478 (1989)]

APPEAL by plaintiff from *Snepp, Judge.* Order entered 25 March 1988 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 14 March 1989.

This action for breach of contract and other relief and a declaratory judgment action brought by defendant Industrial Risk Insurers concern an insurance policy it sold plaintiff through Alexander & Alexander of the Carolinas. The policy insured certain of plaintiff's manufacturing plants against property damage and business interruption loss due to fire. One of the plants caught on fire on 8 June 1984 and the property damage claim, amounting to $439,463.13, was paid within a few weeks but the claim for business interruption loss is still unresolved. Initially submitted in March 1985 for $618,107.78, defendant paid $194,165.80 on the claim in April 1985, and plaintiff increased it to $1,024,289.55 in February 1986. Defendant IRI's declaratory judgment action to establish its further liability if any was filed on 6 June 1986 and this action to recover plaintiff's claimed loss and other damages was brought a week later. Plaintiff alleged six claims for relief, including breach of contract, fraud, and unfair or deceptive acts or practices in the business of insurance under G.S. 58-54.4(11). Defendants denied all the claims and both sides in both cases have taken extensive pre-trial steps, some of which have not been concluded, though the record now runs to more than 700 pages. Plaintiff's appeal concerns the dismissal of its unfair or deceptive insurance business practices claim, the refusal of the court to permit plaintiff to amend the complaint to replead that claim, and several rulings in regard to discovery. The following developments led to the appeal:

On 25 February 1987 Judge Allen entered an order which denied plaintiff's motion to compel the production of various documents requested "without prejudice to . . . seeking a further production . . . within reasonable limits, and with more specificity"; denied plaintiff's motion to compel answers to certain interrogatories and required defendants to more fully answer two others; and granted defendant IRI's motion to dismiss plaintiff's sixth claim based upon unfair or deceptive insurance business practices. On 5 October 1987 plaintiffs moved to amend the complaint by adding a redrafted sixth claim for unfair or deceptive insurance business practices under G.S. 58-54.4(11). On 20 October 1987 plaintiff moved to compel IRI to produce certain documents. On 6 November 1987 plaintiff directed a second set of interrogatories and a third re-

quest for production of documents to both defendants and on 9 December 1987 IRI moved for a protective order. On 12 November 1987 Judge Snepp, noting that the "purported claim" for unfair or deceptive business practices was dismissed from the original complaint by Judge Allen, entered an order denying plaintiff's motions to amend the complaint and to compel IRI to produce documents. On 22 January 1988 plaintiff moved to compel responses to the second set of interrogatories and third request to produce against IRI. On an unstated date in January 1988 plaintiff moved to compel defendant A&A to comply with its first and second sets of interrogatories and second request for production. On 10 February 1988 defendant A&A moved to dismiss plaintiff's sixth claim to the extent that it had not been dismissed by prior orders of Judge Snepp and Judge Allen. On 1 March 1988 plaintiff again moved to amend the complaint to allege an unfair or deceptive insurance business claim under G.S. 58-54.4(11) and for a rehearing of the prior orders of Judge Allen and Judge Snepp with respect thereto. On 25 March 1988 Judge Snepp entered the order appealed from; it denied plaintiff's motion to compel answers to interrogatories and produce documents; denied plaintiff's motion to amend the complaint and for a rehearing on the orders previously entered; sanctioned plaintiff's counsel for abusing discovery; entered a protective order; and dismissed plaintiff's sixth claim against A&A if it had not been dismissed by Judge Allen's order dismissing that claim as to IRI.

*Anderson, Cox, Collier & Ennis, by Henry L. Anderson, Jr., for plaintiff appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Jack A. Gardner, III and Scott C. Lovejoy, for defendant appellee Alexander & Alexander of the Carolinas.*

*Rodney A. Dean and Robins, Kaplan, Miller & Ciresi, Atlanta, Georgia, by A. James Anderson and Lori D. Zack, for defendant appellee Industrial Risk Insurers.*

PHILLIPS, Judge.

Correctly recognizing that the order appealed from is interlocutory and its appealability questionable, G.S. 1-277, G.S. 7A-27(d), plaintiff also filed a petition for *certiorari* which we have granted. Not because the appeal has merit, though, for it has none; but because the appeal cannot ever be won and the ends of justice,

ALEXVALE FURNITURE v. ALEXANDER & ALEXANDER

[93 N.C. App. 478 (1989)]

as well as judicial economy, require that it be disposed of now, rather than a year or two from now after this process is repeated to the inconvenience of parties and courts alike.

[1] As plaintiff has recognized, all but one of the court's actions addressed by this appeal—refusing to compel discovery and sanctioning for its abuse; refusing to permit plaintiff to amend the complaint and to rehear and reconsider the previous orders—were *discretionary. American Telephone and Telegraph Co. v. Griffin*, 39 N.C. App. 721, 251 S.E. 2d 885, *disc. rev. denied*, 297 N.C. 304, 254 S.E. 2d 921 (1979); *Williams v. State Farm Mutual Automobile Insurance Co*, 67 N.C. App. 271, 312 S.E. 2d 905 (1984); Rule 60(b), N.C. Rules of Civil Procedure; *Burwell v. Wilkerson*, 30 N.C. App. 110, 226 S.E. 2d 220 (1976). To upset such an act clear abuse must be shown. *Clark v. Clark*, 301 N.C. 123, 271 S.E. 2d 58 (1980). Judicial action supported by reason is not an abuse of discretion. *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985). It is also the law that a trial court's unchallenged findings of fact are binding upon appeal, *In re Sterling*, 63 N.C. App. 562, 305 S.E. 2d 769 (1983), and the order appealed from contains unchallenged findings of fact and conclusions of law that clearly support all the discretionary rulings made. Among the findings plaintiff has not assailed, and that are now unassailable, are that plaintiff's motion to produce "sought the production of the very documents" Judge Allen had denied by a prior order; that plaintiff's second set of interrogatories and third request to produce to IRI were "beyond the scope of permissible discovery" and were "not reasonably calculated to lead to discoverable matters"; that plaintiff's motion to amend the complaint had been considered and ruled upon twice and was not "offered in good faith" and would serve "primarily to delay these actions and prejudice the defendants." These and other facts which support the order having been judicially established as a matter of law, plaintiff's arguments that the court's actions constituted an abuse of discretion have no foundation.

Though we have addressed the correctness of the court's discretionary rulings and will address the correctness of the ruling that was not, these questions were not really raised by plaintiff's appeal. Since the court's findings of fact and conclusions of law were not challenged in any authorized way, the only questions that plaintiff's appeal really raised are whether the facts found support the order, and whether error of law appears on the face of the order, *Motor Inn Management, Inc. v. Irvin-Fuller Develop-*

*ment Co., Inc.*, 46 N.C. App. 707, 266 S.E. 2d 368, *disc. rev. denied, appeal dismissed*, 301 N.C. 93, 273 S.E. 2d 299 (1980); questions that have already been answered adverse to the appellant. In getting the appeal underway plaintiff merely wrote numbered exceptions next to findings of fact and other parts of the order, not one of which, though, was followed by an assignment of error stating that a finding of fact or conclusion of law was invalid for any reason whatever. Writing in a numbered exception next to a finding of fact or conclusion of law does not raise a legal issue as to its validity; to raise a legal issue on appeal as to the validity of a finding of fact or conclusion of law, in addition to excepting to it it is also necessary to state by an assignment of error why the finding or conclusion is claimed to be erroneous. Rule 10(c), N.C. Rules of Appellate Procedure. Furthermore, plaintiff has not argued in the brief that any of the findings were invalid, or that the findings do not support the conclusions and order, but has argued that the various actions of the court were erroneous or an abuse of discretion for reasons irrelevant to the foundation upon which the actions rest.

[2] The court's one nondiscretionary action — dismissing the unfair or deceptive practice claim against Alexander & Alexander — was entirely proper. For even if the claim was not dismissed by Judge Allen's order dismissing that claim against IRI, as it arguably was since the claim against both defendants was stated in the same three paragraphs, and Judge Allen ruled that the allegations failed to "state a claim . . . upon which relief may be granted," Judge Snepp did not err in dismissing it. Because a necessary element of a claim for unfair or deceptive practices in the business of insurance, which must be alleged according to *Marshburn v. Associated Indemnity Corp.*, 84 N.C. App. 365, 354 S.E. 2d 752, *disc. rev. denied*, 319 N.C. 673, 356 S.E. 2d 779 (1987), is that the forbidden act complained of was done "with such frequency as to indicate a general business practice," G.S. 58-54.4(11); and the only factual allegation bearing thereon in this claim was that defendants "knowingly misrepresented the plaintiff's insurance coverage and failed to act with reasonable promptness in response to plaintiff's claim."

Affirmed.

Judges JOHNSON and COZORT concur.