DONNIE RAY GIBBONS, GERALDINE GIBBONS, PAULINE HILLIARD, AND ALL OTHER PERSONS SIMILARLY SITUATED, PLAINTIFFS v. THE CIT GROUP/SALES FINANCING, INC., DEFENDANT

No. 9014SC177

(Filed 5 February 1991)

1. **Appeal and Error § 424 (NCI4th) — appendix to brief — copies of motion, order and transcript in similar case**

     Rule 28 of the North Carolina Rules of Appellate Procedure does not prohibit a party from including in an appendix to a brief copies of a motion, order and portions of a transcript showing the court's reasoning in a similar case; however, such documents are of limited authoritative value.

     **Am Jur 2d, Appeal and Error §§ 691, 693, 700.**

2. **Parties § 5 (NCI3d) — class action — discovery — pre-certification communication**

     The trial court did not err in a class action arising from the financing of mobile home sales by allowing a pre-certification communication with class members where the trial court did

GIBBONS v. CIT GROUP/SALES FINANCING

[101 N.C. App. 502 (1991)]

not allow unlimited, unsupervised communications with potential class members, but restricted contact to the level it deemed appropriate at that stage of the litigation and indicated that further orders would be issued as appropriate.

**Am Jur 2d, Parties §§ 75, 89.**

**Absent or unnamed class members in class action in state court as subject to discovery. 28 ALR4th 986.**

3. **Parties § 5 (NCI3d) — class action — schedule or plan of discovery**
    The trial court did not err by not imposing a schedule or plan of discovery in a class action arising from the financing of mobile home sales where the trial court ruled on the advisability of holding a discovery or pretrial conference, not on what the results of such a conference should be. While N.C.G.S. § 1A-1, Rule 26(f) requires the court to impose a discovery plan if a discovery conference is held, this record contains no indication that such a conference was held and the court's order indicates to the contrary. The statutory language makes clear that the determination of whether and when to convene a discovery conference is a matter left to the discretion of the trial judge.

**Am Jur 2d, Parties §§ 75, 89.**

**Absent or unnamed class members in class action in state court as subject to discovery. 28 ALR4th 986.**

APPEAL by defendant from order entered 15 November 1989 in DURHAM County Superior Court by *Judge Joe Freeman Britt*. Heard in the Court of Appeals 10 December 1990.

Plaintiffs filed this purported class action against defendant on 2 June 1989 alleging that defendant had charged interest rates in financing the purchase of their mobile homes which violated the North Carolina Retail Installment Sales Act (G.S. § 25A-1 *et seq.*, hereinafter referred to as RISA). They alleged that these rates were memorialized in form contracts and that contracts similar to them had been used with the unnamed members of the class. They also alleged that these contracts were not subject to the preemptive effects of the Depository Institutions Deregulations and Monetary Control Act of 1980 (12 U.S.C. § 1735f-7, hereinafter referred to as DIDMCA).

Plaintiffs served discovery requests along with the complaint on 8 June 1989. In these requests, plaintiffs sought to learn, *inter alia*, the extent of defendant's involvement in the financing of mobile homes in North Carolina, particularly regarding Conner Mobile Homes, the number of financing agreements which charged interest rates in excess of that allowed by RISA, any foreclosures, repossessions or accelerations pursuant to these contracts, the basis for any claims that these contracts complied with DIDMCA, the methods by which payments were kept track of, the identity of other complainants, and information regarding interest rates charged in other states. Plaintiffs also requested extensive documentation, including copies of the contracts, which would necessarily have identified those persons with whom defendant had contracted.

Defendant objected to and declined to answer ten out of twelve of plaintiffs' interrogatories, agreed to respond in full to two and in part to one of plaintiffs' eleven requests for production of documents, and objected to plaintiffs' first request for admission. Plaintiffs then filed a motion to compel discovery. Defendant filed a motion for a protective order and a motion for a discovery conference and pretrial conference, requesting the court to impose a schedule for discovery and the hearing of "dispositive motions."

These motions came on for hearing on 11 October 1989, and the court directed the parties to prepare an order and entered its decision in the minutes. Defendant filed a second motion for protective order on 3 November 1989, and the trial court agreed to suspend its original order until such time as the motion was heard. The court entered its order on 15 November 1989 allowing in part and denying in part plaintiffs' motion to compel, declining to restrict or sequence discovery, deciding that a formal plan of discovery was unnecessary at the time, and requiring the parties to notify counsel for the opposing party within 24 hours if they contacted a potential member of the class, including the name and address of the class member and the time and date of the contact. Defendant appeals.

*Maxwell & Hutson, P.A., by John C. Martin; and Gulley, Eakes, Volland & Calhoun, by Michael D. Calhoun, for plaintiffs-appellees.*

*Moore & Van Allen, by Charles R. Holton, Laura B. Luger, and John C. Browning, for defendant-appellant.*

GIBBONS v. CIT GROUP/SALES FINANCING

[101 N.C. App. 502 (1991)]

WELLS, Judge.

Defendant brings forward five assignments of error from the order of the trial court, contending that the court erred in allowing in part plaintiffs' motion to compel, denying its motions for protective orders, allowing pre-certification communications with potential class members, and refusing to impose a plan of discovery. We affirm.

[1] It is well settled that orders pertaining to discovery matters are interlocutory and ordinarily are not appealable. *Hale v. Leisure*, 100 N.C. App. 163, 394 S.E.2d 665 (1990). Since this case presents important questions of the degree of trial court control over class-action litigation, we choose to exercise our supervisory authority to "expedite decision in the public interest" pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure and consider the merits. *See Stanback v. Stanback*, 287 N.C. 448, 215 S.E.2d 30 (1975). Plaintiffs' motion to dismiss is therefore denied. Plaintiffs' motion to strike the appendix to defendant's brief and impose sanctions is also denied. Rule 28 of the Rules of Appellate Procedure does not prohibit a party from including in an appendix to a brief copies of a motion, order and portions of a transcript showing the court's reasoning in a similar case. However, we are aware of the limited authoritative value of such documents, and will give them no more consideration than they are due.

Three of defendant's assignments of error deal with the trial court's order granting in part and denying in part plaintiffs' motion to compel responses to interrogatories and requests for production, and the trial court's denial of defendant's motion for a protective order. These decisions were within the discretion of the trial court, and we may only reverse on a clear showing of abuse of that discretion. *Alexvale Furniture, Inc. v. Alexander & Alexander of the Carolinas*, 93 N.C. App. 478, 385 S.E.2d 796, *disc. review denied*, 325 N.C. 228, 381 S.E.2d 783 (1989); *Williams v. State Farm Mut. Auto. Ins. Co.*, 67 N.C. App. 271, 312 S.E.2d 905 (1984). While we question the relevance of Interrogatory 12 (asking for information regarding financing agreements with people from other states), we note that plaintiffs did not mention this interrogatory in their motion, and the trial court did not compel defendant to answer it. Defendant's claims that the court abused its discretion in this case are subsumed in its remaining assignments of error, which we consider to be the two crucial questions for our review: (1)

Whether the trial court erred in allowing pre-certification communication with potential class members, and (2) Whether the trial court erred in failing to impose a more detailed plan for conduct of the litigation.

[2] Defendant relies primarily on *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 68 L.Ed.2d 693 (1981), in asserting that the trial court erred in allowing unsupervised communications with potential class members. We note initially that the Court's opinion in that case was based on Federal Rule of Civil Procedure 23(d), which is not a part of North Carolina's Rule 23. *See* N.C. Gen. Stat. § 1A-1, Rule 23. We find the logic of the case nevertheless persuasive. The Court acknowledged that a trial court has the *discretion* to limit communications with potential class members pursuant to its duty to exercise control over class actions, but indicated that such actions should be taken in limited circumstances. "[T]he mere possibility of abuses does not justify routine adoption of a communications ban that interferes with the formation of a class or the prosecution of a class action in accordance with the Rules." *Gulf Oil Co., supra.* The Court further held that the district court had abused its discretion in imposing a broad restraint on communications with potential class members without a "clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.*

The trial court in this case noted that the parties had consented to confidentiality provisions, and issued the following order:

> Pending further Order of the Court, the plaintiffs and defendant shall notify counsel for the other party within twenty-four hours if either party or its counsel makes contact with a potential member of the class, as defined in the complaint. The notice shall include the name and address of the class member and the time and date of the contact; provided, this notification requirement shall not apply to communications by defendant in the ordinary course of business which do not relate to this litigation.

The court did not, then, allow unlimited, unsupervised communications with potential class members. It restricted contact to the level it deemed appropriate at that stage of the litigation. The trial court also indicated that further orders would be issued on this subject, as appropriate. This assignment of error is overruled.

## GIBBONS v. CIT GROUP/SALES FINANCING

[101 N.C. App. 502 (1991)]

[3] Defendant's contention that the court erred in not imposing a schedule or plan of discovery similarly must fail. While we agree that the importance of effective planning and control of discovery in complex litigation can hardly be overemphasized, *see* Manual for Complex Litigation 2d, § 21.41, p. 41 (1985), we cannot say that the trial court erred in proceeding as it did. Rule 26(f) of the North Carolina Rules of Civil Procedure provides:

> At any time after commencement of an action the court *may* direct the attorneys for the parties to appear before it for a conference on the subject of discovery. The court *may* do so upon motion by the attorney for any party (Emphasis added).
> . . .

Such permissive language makes it clear that the determination of whether and when to convene a discovery conference is a matter left to the discretion of the trial judge.

While Rule 26(f) requires the court to impose a discovery plan if a discovery conference is held, this record contains no indication that such a conference *was* held. The order indicates to the contrary:

> The Court has considered defendant's request for a pre-trial ... and discovery conference pursuant to Rules 16 and 26(f) and is of the opinion that discovery should not be restricted or sequenced as proposed by defendant and that a formal plan and schedule for discovery is unnecessary at this time.

The trial court ruled, then, on the advisability of holding a discovery or pre-trial conference, not on what the results of such a conference should be. This case was filed 2 June 1989, and plaintiffs' discovery requests were served on 8 June 1989. Arguments on the various motions were heard on 11 October and 13 November 1989, a relatively short time after commencement of the action. The trial court also denied several of plaintiffs' discovery requests, and ordered plaintiffs to conduct many of the record searches they were requesting at their own expense. This is not a case where the trial court abrogated its duty to maintain control over the litigation and gave plaintiffs license to conduct some form of fishing expedition. The trial court's order reflects its decision on how best to proceed with the litigation, and its recognition of its responsibility to control the way in which this case proceeds. This assignment of error is overruled.

DUNN v. PACIFIC EMPLOYERS INS. CO.

[101 N.C. App. 508 (1991)]

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.