JANE A. GREGORINO, Plaintiff-Appellant v. THE CHARLOTTE-MECKLENBURG
HOSPITAL AUTHORITY (HOSPITAL AUTHORITY), Defendant-Appellee

No. COA95-405

(Filed 20 February 1996)

**Indemnity § 16 (NCI4th)— action to recover attorney fees—
necessity for fees—summary judgment improper**

In an action by plaintiff nurse anesthetist to recover indemnification from defendant hospital authority for attorney fees incurred in retaining separate counsel in connection with an incident during surgery which resulted in severe and permanent brain damage to a minor child, the trial court erred in entering summary judgment for defendant where all potential claims regarding the incident were settled with full release of the hospital authority and its employees; the hospital authority's bylaws provided for indemnification of hospital employees for legal fees and expenses incurred in connection with any threatened or pending action seeking to hold the employee liable for actions as a hospital employee; and a genuine issue of material fact existed as to whether plaintiff's attorney fees were actually and necessarily incurred in connection with any threatened action seeking to hold her liable.

**Am Jur 2d, Corporations §§ 1897, 1898.**

Appeal by plaintiff from orders entered 25 January 1995 and 22 February 1995 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 January 1996.

*Charles G. Monnett III & Associates, by Charles G. Monnett III,
for plaintiff-appellant.*

*Robinson, Bradshaw & Hinson, P.A., by A. Ward McKeithen, for
defendant-appellee.*

WYNN, Judge.

Plaintiff-appellant, Jane A. Gregorino, appeals orders denying her motion to compel discovery, denying her motion to continue the hearing on summary judgment, and granting summary judgment in favor of defendant-appellee, the Charlotte-Mecklenburg Hospital Authority ("Hospital Authority"). We reverse in part and affirm in part.

The record on appeal indicates that Ms. Gregorino worked at the Hospital Authority's University Hospital as a nurse anesthetist. On 16 August 1991, while performing her duties, complications arose during a tonsillectomy and adenoidectomy surgery leaving a minor child with severe and permanent brain injury.

Early investigation into the incident focused on the placement of the endotracheal tube which directly involved Ms. Gregorino's duties as a nurse anesthetist. She contacted Robert King, Vice President and Director of Legal Services for the Hospital Authority, inquiring about whether she would be afforded counsel to represent her in connection with any legal proceedings arising from the incident. In response to this inquiry, Mr. King sent two letters to her stating that the hospital would provide her with counsel and that her interests and those of the Hospital Authority were the same.

Ms. Gregorino, however, concluded that her interests and the interests of the Hospital Authority were not identical. On or about 20 August 1992, she consulted Attorney John Golding about retaining him to represent her interests in connection with the incident. However, Ms. Gregorino soon learned that Mr. Golding had been retained by the Hospital Authority to represent it and the interests of its insurance carrier, St. Paul Fire and Marine. She requested a complete copy of Mr. Golding's file relating to the incident so that she could keep informed about the case. Mr. Golding refused to deliver copies of the file to Ms. Gregorino. Consequently, Ms. Gregorino retained Attorney R. Marie Sides to represent her and obtain the requested files. Ms. Sides requested an opinion from the North Carolina State Bar on this issue. The Ethics Committee decided that Ms. Gregorino was entitled to a copy of the joint file from either the Hospital Authority or from Mr. Golding. Thereafter, Ms. Gregorino received a file from Mr. Golding. Ms. Gregorino considered the file to be incomplete and filed a complaint with the North Carolina State Bar. In April 1993, all potential claims regarding the surgical incident were fully settled with full release to the Hospital Authority and all its employees. On 17 February 1994, Ms. Gregorino instituted the instant action against the Hospital Authority to recover attorney's fees she incurred in connection with the incident. She later filed a motion to compel discovery. On 22 December 1994, Hospital Authority moved for summary judgment. Ms. Gregorino opposed the motion and filed a motion to continue the summary judgment hearing. The trial court granted Hospital Authority's motion for summary judgment and denied Ms. Gregorino's motion to continue. The trial court also

denied Ms. Gregorino's motion to compel discovery. Ms. Gregorino appealed to this Court.

I.

Ms. Gregorino contends that the trial court erred in granting summary judgment in favor of Hospital Authority. We agree.

Appellate review of a grant of summary judgment is limited to two questions: (1) Whether there is a genuine question of material fact; and (2) whether the moving party is entitled to judgment as a matter of law. N.C.R. Civ. P. 56(c) (1990); *Smith v. Smith*, 65 N.C. App. 139, 142, 308 S.E.2d 504, 505 (1983). The party opposing the motion for summary judgment does not have to establish that he would prevail on the issue, but merely that the issue exists. *In re Will of Edgerton*, 29 N.C. App. 60, 63, 223 S.E.2d 524, 526, *disc. review denied*, 290 N.C. 308, 225 S.E.2d 832 (1976). Furthermore, summary judgment is inappropriate when issues such as motive, intent, and other subjective feelings and reactions are material, when the evidence presented is subject to conflicting interpretations, or where reasonable men might differ as to the significance of any particular piece of evidence. *Smith v. Currie*, 40 N.C. App. 739, 742, 253 S.E.2d 645, 647, *cert. denied*, 297 N.C. 612, 257 S.E.2d 219 (1979).

Ms. Gregorino argues that she should be indemnified for attorney's fees incurred in retaining separate counsel in connection with this incident. She points to Article IX of the Hospital Authority's bylaws which provides in relevant part:

Any person who at any time serves or has served . . . as an officer or employee of the Authority, . . . shall have the right to be indemnified by the Authority, to the fullest extent permitted by law, against (a) reasonable expenses, including attorneys' fees (actually and necessarily) incurred by him or her in connection with any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative, and whether or not brought by or on behalf of the Authority, seeking to hold him or her liable by reason of the fact that he or she is or was acting in such capacity . . . .

The Hospital Authority argues, on the other hand, that Ms. Gregorino is not entitled to indemnification because no action was ever threatened or pending against her.

GREGORINO v. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

[121 N.C. App. 593 (1996)]

Viewing the evidence in the light most favorable to the non-movant, we find that a genuine issue of material fact exists as to whether the attorney's fees had been actually and necessarily incurred in connection with a threatened action seeking to hold Ms. Gregorino liable. The record on appeal indicates that Ms. Gregorino, a nurse anesthetist, had been involved in a surgical procedure that left a minor child with severe and permanent brain damage. The initial investigation into the incident focused on the placement of the endotracheal tube which directly involved Ms. Gregorino's duties as a nurse anesthetist. She immediately became concerned because as a nurse anesthetist, the misplacement of the tube could affect her future licensing and insurability if she was found "at fault" for the injuries sustained by the child.

Furthermore, the Hospital Authority's Risk Management Department obtained from Ms. Gregorino a statement about the incident and required her to submit to a drug screening test. No other surgical team member was required to undergo a drug screening test.

The evidence in a light most favorable to Ms. Gregorino further shows that certain medical records regarding the incident were missing or had been altered by a Hospital Authority employee. Additionally, certain items used during the surgery which would normally have been present in the operating room immediately following a surgical procedure were missing. Statements of the anesthesiologist and of the surgical team member also differed from Ms. Gregorino's recollection of events.

Furthermore, Ms. Gregorino was denied access to documents by Mr. Golding who represented both the Hospital Authority and its employees, including Ms. Gregorino. Based on these actions, Ms. Gregorino retained Attorney Sides to represent her in this matter. After Ms. Gregorino retained Ms. Sides, the victim's attorney, Mr. Sitton, sent Ms. Sides a letter stating that "if a lawsuit was filed, Jane Gregorino would be a Defendant." The letter also stated, "I did relate to you that I had an expert's report which concluded that Jane Gregorino did not meet the standard of care for CRNA practicing in Charlotte in August of 1991. It appears to me that that fact is beyond dispute." Moreover, in a draft of the lawsuit prepared by Mr. Sitton, the named defendants were Jane Gregorino and the Hospital Authority.

Given that summary judgment is inappropriate when issues such as motive, intent, and other subjective feelings and reactions are material, when the evidence presented is subject to conflicting interpretations, or where reasonable men might differ as to the significance of any particular piece of evidence, *Smith*, 40 N.C. App. at 742, 253 S.E.2d at 647, *cert. denied*, 297 N.C. 612, 257 S.E.2d 219, we find that a genuine issue of material fact exists as to whether Ms. Gregorino's attorney's fees were actually and necessarily incurred in connection with any threatened action seeking to hold her liable. We therefore reverse the entry of summary judgment. Because we reverse this order, we need not address whether the trial court erred in denying Ms. Gregorino's motion to continue the summary judgment hearing.

Ms. Gregorino next contends that the trial court erred in denying her motion to compel discovery. We disagree.

It is well settled that "orders regarding matters of discovery are within the trial court's discretion and are reviewable only for abuse of that discretion." *Weaver v. Weaver*, 88 N.C. App. 634, 638, 364 S.E.2d 706, 709, *cert. denied*, 322 N.C. 330, 368 S.E.2d 875 (1978). Judicial action supported by reason is not an abuse of discretion. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

The record indicates that the trial court's order denying Ms. Gregorino's motion to compel discovery states that "having considered the pleadings, affidavits, brief and arguments of counsel and having reviewed in chambers with counsel for plaintiff and defendant certain documents produced by defendant and having concluded that defendant has produced all documents requested that are subject to discovery . . . .", plaintiff's motion to compel discovery is denied. Finding the trial court's order to be supported by careful reasoning, we find no abuse of discretion. We therefore affirm the trial court's order.

Reversed in part, Affirmed in part.

Judges GREENE and McGEE concur.