DARRELL REID WILSON, v. DOROTHY REID WILSON, In the Matter of WILLIAM C. CREWS, III, Proposed Deponent

No. COA95-1364

(Filed 5 November 1996)

**1. Appeal and Error § 94 (NCI4th)— order requiring appearance for deposition—order immediately appealable**

Though an order compelling discovery is generally not immediately appealable because it is interlocutory and does not affect a substantial right which would be lost if the ruling were not reviewed before final judgment, the order finding the proposed deponent in contempt for failure to appear for a deposition and the underlying order upon which the contempt order was based were immediately appealable in this case since the proposed deponent could purge himself only by complying with the order to appear for the deposition, of which he complained.

**Am Jur 2d, Appellate Review §§ 135, 137, 139, 140.**

**2. Discovery and Depositions § 21 (NCI4th)— order requiring appearance for deposition—no jurisdiction of trial court— failure to obey not contempt**

The Davidson County District Court lacked jurisdiction to enter an order requiring the proposed deponent to appear for a deposition, and therefore the contempt order based on his failure to obey that underlying order was void, since the proposed deponent resided, lived, was employed, and transacted his business in Guilford County; he could be compelled to appear at a deposition only in Guilford County; the Davidson County District Court could not subpoena the deponent to appear in Forsyth County; and it was not contempt for the deponent to disobey the improper order. N.C.G.S. § 1A-1, Rules 30(b)(1) and 45(d)(1).

**Am Jur 2d, Depositions and Discovery §§ 130 et seq.**

Appeal by proposed deponent from orders entered 22 August 1995, 6 September 1995, and 8 September 1995 by Judge George T. Fuller in Davidson County District Court. Heard in the Court of Appeals 18 September 1996.

This case arises out of an underlying action by Darrell Reid Wilson against his former wife, Dorothy Reid Wilson, alleging mali-

cious prosecution and requesting punitive damages. Plaintiff specifically claims that defendant maliciously and without probable cause had criminal summonses issued against him for abandonment and non-support of defendant, and non-support of their minor child.

As a part of discovery in the case, plaintiff attempted to depose a non-party, William C. Crews III, who was dating defendant at the time. In his first attempt to depose Crews, plaintiff sent Crews a notice of deposition requesting that he appear at the offices of plaintiff's attorney, Gatto Law Offices, in Forsyth County, North Carolina on 10 February 1995. The uncontradicted evidence shows that Crews resided, was employed, and conducted his business in Guilford County, North Carolina. Plaintiff also caused a subpoena to issue from the Davidson County District Court, commanding Crews to appear at the 10 February 1995 deposition. Crews did not appear at the deposition, and a motion to compel filed by plaintiff was dismissed by the Davidson County District Court on 3 April 1995.

Plaintiff sent Crews a second notice of deposition, filed on 3 April 1995, requesting that he appear at a newly scheduled deposition on 27 April 1995, also at Gatto Law Offices in Forsyth County. Again, a subpoena for deposition was issued by the Davidson County District Court. In response, Crews sent to plaintiff a Motion for a Protective Order, Motion to Quash Subpoena, Notice, and Motion for Costs, dated 24 April 1995. The motions were not filed, however, until 14 July 1995. In his motions, Crews indicated that he would not appear at the 27 April 1995 deposition in Forsyth County, alleging, *inter alia*, that he did not reside, was not employed, and did not conduct business in Forsyth County.

On or about 30 May 1995, plaintiff filed a Motion to Show Cause in the Davidson County District Court, requesting that Crews be held in civil and criminal contempt for failing to appear at the 27 April 1995 deposition, and requesting that Crews be ordered to appear and show cause why he should not be held in contempt. Plaintiff also sent a notice of show cause hearing to Crews, indicating the Crews "may appear" at the 19 July 1995 hearing, but no judicial order or notice was issued directing Crews to appear. *See* N.C. Gen. Stat. § 5A-23 (1986).

After the show cause hearing on 19 July 1995, at which Crews did not appear, the Davidson County District Court filed an order on 22 August 1995, signed and served on 15 August 1995. The court found, *inter alia*, that it had jurisdiction over Crews and the subject matter

in this action, that Crews had been properly served with a subpoena to appear at the 27 April 1995 deposition, and that pursuant to N.C. Gen. Stat. § 1A-1, Rule 45(f), Crews was in willful contempt of court for failure to appear at the 27 April 1995 deposition. The court ordered Crews to appear at a newly scheduled deposition, again at Gatto Law Offices in Forsyth County, on 28 August 1995.

The court also ordered Crews to appear in Davidson County District Court on 6 September 1995 to show cause for his failure to appear at the 19 July 1995 show cause hearing. Finally, the court ordered Crews to pay Gatto Law Offices "the amount of $516.35, representing costs of deposition preparation and $350 representing a reasonable attorney's fee in the prosecution of this matter on or before August 28, 1995."

On 15 August 1995, plaintiff sent Crews a notice of deposition scheduled for 28 August 1995 in Forsyth County, and caused a subpoena for deposition to be issued from the Davidson County District Court. On 1 September 1995, Crews filed a notice of appeal of the order entered 22 August 1995, along with a document entitled "NOTICE" in the Davidson County District Court, which stated his reasons for not appearing at the 28 August 1995 deposition. His reasons included, *inter alia*, the contention that the Davidson County District Court was without jurisdiction to enter the 22 August 1995 order, and the assertion that the order was currently on appeal to this Court.

Crews and his attorney appeared before the Davidson County District Court for the show cause hearing on 6 September 1996. The court found that Crews failed to appear at the 28 August 1995 deposition in Forsyth County and held him in civil and criminal contempt for his failure to abide by the 22 August 1995 order. The court noted the fact that Crews had filed an appeal of the 22 August 1995 order, but it "specifically decline[d] to stay execution of the terms and conditions of the order . . . ."

The court concluded that it had subject matter jurisdiction in this action and ordered Crews to be incarcerated in the Davidson County Jail until his attendance on 8 September 1995 at deposition at Gatto Law Offices in Forsyth County. The court further ordered that Crews remain in custody of the Davidson County Sheriff's Department "until he complies with the terms and conditions" of the 22 August 1995 order by paying the sum of $516.35 to Gatto Law Offices. Finally, by separate and duplicative order signed 6 September 1996, the

Davidson County District Court ordered that Crews be found in contempt of court for failure to appear at the 28 August 1996 deposition, and that Crews be held in jail "until he purges himself of contempt by giving his deposition" on 8 September 1995.

Upon a motion filed by Crews on 6 September 1995, the Davidson County Superior Court granted Crews a Writ of Habeas Corpus the next day, releasing him from incarceration pending a hearing on the writ. The superior court also found that the district court's orders entered with reference to the hearings on 19 July 1995 and 6 September 1995 "are overreaching and should be stayed pending hearing on this Writ of Habeas Corpus," and that Crews "is entitled to not be deposed in either Davidson or Forsyth County or otherwise but by good and proper subpoena and notice, duly issued and duly served."

Crews now appeals all orders of the Davidson County District Court with reference to the 19 July 1995 and 6 September 1995 hearings.

*Max D. Ballinger for proposed non-party deponent appellant.*

*No brief filed for plaintiff appellee.*

ARNOLD, Chief Judge.

[1] We must first determine whether Crews appeals interlocutory orders that are not immediately appealable. "As a general rule, an order compelling discovery is not immediately appealable because it is interlocutory and does not affect a substantial right which would be lost if the ruling is not reviewed before final judgment." *Benfield v. Benfield,* 89 N.C. App. 415, 418, 366 S.E.2d 500, 502 (1988); *see generally* N.C. Gen. Stat. § 5A-24 (1986); G.S. § 7A-27 (1995). Nevertheless,

> when a civil litigant is adjudged to be in contempt for failing to comply with an earlier discovery order, the contempt proceeding is both civil and criminal in nature and the order is immediately appealable for the purpose of testing the validity both of the original discovery order and the contempt order itself where, as here, the contemnor can purge himself of the adjudication of contempt only by, in effect, complying with the discovery order of which he essentially complains.

*Willis v. Power Co.,* 291 N.C. 19, 30, 229 S.E.2d 191, 198 (1976).

In this case, Crews may purge himself only by complying with the order to appear at deposition in Forsyth County, of which he complains. The contempt order, and the underlying order upon which the contempt order is based, are therefore immediately appealable.

**[2]** Crews asserts multiple assignments of error, but we find merit in his appeal by addressing only two determinative jurisdictional issues. First, we find that the Davidson County District Court lacked jurisdiction to enter the 22 August 1995 order, and therefore the contempt order based on Crews's failure to obey that underlying order is void.

Under Rule 30 of the North Carolina Rules of Civil Procedure, a deponent who resides in North Carolina "may be required to attend for examination by deposition only in the county wherein he resides or is employed or transacts his business in person." N.C. Gen. Stat. § 1A-1, Rule 30(b)(1) (Supp. 1995). Moreover, Rule 45 provides:

> Proof of service of a notice to take a deposition as provided in Rules 30(a) and 31(a) constitutes a sufficient authorization for the issuance by the clerk of the superior court for the county in which the deposition is to be taken of subpoenas for the persons named or described therein.

G.S. § 1A-1, Rule 45(d)(1) (1990); *id.*, Comment ("[I]n section (d) the idea is that the subpoena shall issue from the court of the county where the deposition is to be taken."); *see also Cochran v. Cochran*, 93 N.C. App. 574, 578, 378 S.E.2d 580, 583 (1989) ("[I]n order to compel the deposition testimony of a nonparty, a subpoena must be issued from the county in which the deposition is to be taken.").

The uncontradicted evidence in the record shows that at all relevant times Crews resided, lived, was employed, and transacted his business in Guilford County. Under Rule 30(b)(1), Crews may be compelled to appear at a deposition only in Guilford County. Moreover, under Rule 45(d)(1), the Forsyth County Superior Court is the only court with jurisdiction to issue a subpoena for Crews to appear at a deposition in Forsyth County. The subpoena directing Crews to appear at the 27 April 1995 deposition in Forsyth County, however, was issued by the Davidson County District Court. The Davidson County District Court, therefore, lacked jurisdiction to find Crews in contempt of its erroneous subpoena to appear for a deposition in Forsyth County on 27 April 1995, and it likewise lacked jurisdiction to compel Crews, by order of 22 August 1995, to appear at a newly scheduled deposition on 28 August 1995 in Forsyth County.

**WILSON v. WILSON**

[124 N.C. App. 371 (1996)]

In *Harding v. Harding*, 46 N.C. App. 62, 64, 264 S.E.2d 131, 132 (1980), this Court held that "it is not contempt to disobey an order entered by a court without jurisdiction . . . ." *See also In re Smith*, 301 N.C. 621, 633, 272 S.E.2d 834, 842 (1981) ("Disobedience of an order made without, or in excess of, jurisdiction is not punishable as contempt."). As we found above, the Davidson County District Court lacked jurisdiction to enter the 22 August 1995 order, and consequently, it was not contempt for Crews to disobey that order. The contempt order, therefore, is void.

[3] Second, we conclude that after Crews filed notice of appeal to this Court for the 22 August 1995 order, the Davidson County District Court lacked jurisdiction to enter the 8 September 1995 contempt order based upon Crews's failure to comply with the appealed order. On 1 September 1995, Crews filed a notice of appeal to this Court from the 22 August 1995 order. He also filed a document entitled "NOTICE" indicating his reasons for not complying with the 22 August 1995 order, including the fact that he had filed a notice of appeal from that order.

N.C. Gen. Stat. § 1-294 (1983) provides:

When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.

This statute operates to stay the 22 August 1995 order against Crews, who is a non-party deponent in this action. Accordingly, we hold that the Davidson County District Court was without jurisdiction, pending the appeal, to find Crews in contempt of the order appealed from, and its findings and order to that effect are void.

For the several reasons stated above, we find that the Davidson County District Court lacked jurisdiction to enter the orders with reference to the 19 August 1995 and 6 September 1995 hearings. These orders are

Vacated.

Judges JOHNSON and GREENE concur.