LASSIE M. SHARPE, Plaintiff v. DAVID ERIC WORLAND, GREENSBORO ANESTHE-
SIA ASSOCIATES, P.A., WESLEY LONG COMMUNITY HOSPITAL, INC., JOHN
DOES I through XXV, AND JANE DOES I through XXV, Defendants

No. COA98-557

(Filed 2 February 1999)

**Appeal and Error— appealability—discovery order—hospi-
tal—impaired physician program documents**

A discovery order in a medical malpractice action requiring defendant hospital to produce documents concerning defendant physician's participation in an impaired physician program did not affect a substantial right and was not immediately appealable where the order was not enforced by sanctions; the trial court ordered protective measures to insure that the material would be restricted to the parties and their experts; and there were reasonable grounds for the trial court to determine that an alleged privilege pursuant to N.C.G.S. § 90-21.22(a) did not apply to defendant hospital or had been waived when defendant physician voluntarily provided the information to defendant hospital for other purposes.

Appeal by defendants Worland, Greensboro Anesthesia Associates, P.A., and Wesley Long Community Hospital, Inc., from order entered 24 February 1998 by Judge William H. Freeman in Guilford County Superior Court. Heard in the Court of Appeals 4 January 1999.

SHARPE v. WORLAND

[132 N.C. App. 223 (1999)]

*Faison & Gillespie, by O. William Faison and John W. Jensen for plaintiff-appellee.*

*Carruthers & Roth, P.A., by Richard L. Vanore and Norman F. Klick, Jr., for defendant-appellants Worland and Greensboro Anesthesia Associates, P.A.*

*Elrod Lawing & Sharpless, P.A., by Joseph M. Stavola, for defendant-appellant Wesley Long Community Hospital, Inc.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Michael E. Weddington, for North Carolina Physicians Health Program, Inc., amicus curiae.*

MARTIN, Judge.

Plaintiff filed this action seeking damages for alleged medical negligence on the part of defendants David Eric Worland, M.D., (Worland), Greensboro Anesthesia Associates, P.A., and Wesley Long Community Hospital, Inc., (Hospital). In the course of discovery, plaintiff sought production by defendant Hospital of "all documents related to all complaints and incident reports" and "all minutes of any meetings" relating to co-defendant Worland, pursuant to North Carolina Rules of Civil Procedure 30(b)(5) and (6). Defendant Hospital moved for a Protective Order prohibiting the production of documents concerning Worland's participation in the Physician's Health Program on the grounds that such information was protected from disclosure by G.S. § 90-21.22(e) (1997). This statute applies to doctors participating in an impaired physician program pursuant to a peer review agreement with "the North Carolina Medical Society and its local medical society components, and with the North Carolina Academy of Physician Assistants for the purpose of conducting peer review activities." N.C. Gen. Stat. § 90-21.22(a) (1997). The confidentiality of non-public information concerning participation in this program is protected as follows:

Any confidential patient information and other nonpublic information acquired, created, or used in good faith by the Academy or a society pursuant to this section shall remain confidential and shall not be subject to discovery or subpoena in a civil case. No person participating in good faith in the peer review or impaired physician or impaired physician assistant programs of this section shall be required in a civil case to disclose any information acquired or opinions, recommendations, or evaluations

acquired or developed solely in the course of participating in any agreements pursuant to this section.

N.C. Gen. Stat. § 90-21.22(e) (1997). After hearing oral arguments and reviewing the requested material *in camera*, the trial court denied plaintiff's motion for a protective order and required defendant Hospital to produce all documents "concerning Defendant Worland's participation in the Physician's Health Program." The order also required that the documents "be sealed and not be disclosed or published in any manner by plaintiffs' [sic] counsel or their representatives, other than for review by potential expert witnesses." Defendants gave notice of appeal from the order; plaintiff has moved to dismiss their appeal.

----

Defendants claim a right to an immediate appeal pursuant to G.S. §§ 1-277 and 7A-27 (1997), despite the interlocutory nature of the discovery order, arguing that the compelled discovery of allegedly privileged material implicates a substantial right. We find no interference with a substantial right and dismiss their appeal.

Appeal flows from either a final judgment or an interlocutory order which affects a substantial right. N.C. Gen. Stat. §§ 1-277(a), 7A-27 (1997). Generally, an order compelling discovery is not a final judgment, nor does it affect a substantial right; therefore, it is not immediately appealable prior to final judgment. *Wilson v. Wilson*, 124 N.C. App. 371, 374, 477 S.E.2d 254, 256 (1996) ("As a general rule, an order compelling discovery is not immediately appealable because it is interlocutory and does not affect a substantial right which would be lost if the ruling is not reviewed before final judgment."); *Walker v. Liberty Mut. Ins. Co.*, 84 N.C. App. 552, 353 S.E.2d 425 (1987); *Casey v. Grice*, 60 N.C. App. 273, 298 S.E.2d 744 (1983). However, when the order is enforced by sanctions pursuant to N.C.R. Civ. P. 37(b), the order is appealable as a final judgment. *Walker v. Liberty Mut. Ins. Co.*, *supra*; *Midgett v. Crystal Dawn Corp.*, 58 N.C. App. 734, 294 S.E.2d 386 (1982); *Willis v. Duke Power Co.*, 291 N.C. 19, 229 S.E.2d 191 (1976). In the present case there were no sanctions associated with the order for production.

Relying on *Lockwood v. McCaskill*, 261 N.C. 754, 136 S.E.2d 67 (1964), defendants nevertheless claim that compelled disclosure of this allegedly privileged material interferes with a substantial right by immediately defeating the statutory grant of confidentiality. In *Lockwood*, the North Carolina Supreme Court determined that a sub-

stantial right was implicated, entitling the plaintiff to an immediate appeal, where the patient-physician privilege "undoubtedly" applied, and compelling the physician to testify concerning privileged matters at a deposition would immediately destroy the privilege. *Id.* at 757, 136 S.E.2d at 69.

Application of *Lockwood* is inappropriate in this case. The trial court reviewed the material *in camera*, found no applicable privilege, and ordered protective measures to insure the material would be restricted to the parties and their experts. There were reasonable grounds for the trial court to determine that the alleged privilege did not apply to defendant Hospital, or that the privilege had been waived when defendant Worland voluntarily provided the information to defendant Hospital for other purposes. It is within the broad discretion of the trial court to determine whether a privilege applies, and therefore whether to grant a protective order. *See Williams v. State Farm Mut. Auto. Ins. Co.*, 67 N.C. App. 271, 312 S.E.2d 905 (1984) (Matters of discovery are generally within the discretion of the trial court, and its ruling will not be disturbed absent a showing of abuse of discretion). The mere assertion of a privilege does not create an automatic right of appeal from a discovery order. *Kaplan v. Prolife Action League of Greensboro*, 123 N.C. App. 677, 474 S.E.2d 408 (1996). Absent the imposition of sanctions enforcing the order, no substantial right has been implicated by the trial court's order requiring production of the materials.

We decline to exercise our discretionary authority to treat this interlocutory appeal as a petition for writ of certiorari and to address defendants' arguments on the merits, *Walker v. Liberty Mut. Ins. Co.*, 84 N.C. App. 552, 353 S.E.2d 425 (1987).

Appeal dismissed.

Chief Judge EAGLES and Judge McGEE concur.