VERONICA D. ROMIG, On Behalf of Herself and All Others Similarly Situated, Plaintiff v. JEFFERSON-PILOT LIFE INSURANCE COMPANY, Defendant

No. COA97-1303

(Filed 6 April 1999)

**Appeal and Error— appealability—discovery order—class action certification**

    An appeal was dismissed as interlocutory where the court entered an order permitting further discovery before the court determined whether to grant class certification in an action alleging false and misleading insurance sales methods and presentations. Discovery orders are interlocutory and not ordinarily appealable, with a narrow exception where the order includes a finding of contempt or other sanctions. This order does not impose sanctions or adjudge defendant to be in contempt, the court did not certify the order under Rule 54, and defendant failed to show that a substantial right was affected.

    Judge GREENE dissenting.

Appeal by defendant from order entered 14 July 1997 by Judge Melzer A. Morgan, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 18 August 1998.

ROMIG v. JEFFERSON-PILOT LIFE INS. CO.

[132 N.C. App. 682 (1999)]

*McDaniel & Anderson, L.L.P., by L. Bruce McDaniel, and Wolf Haldenstein Adler Freeman & Herz, L.L.P., by David A.P. Brower, for plaintiff-appellee.*

*Smith Helms Mulliss & Moore, L.L.P., by Larry B. Sitton, James G. Exum, Jr. and Robert R. Marcus, and King & Spalding, by Frank C. Jones, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Jefferson-Pilot Life Insurance Company ("defendant") appeals from an order of the trial court permitting Veronica D. Romig ("plaintiff") to conduct further discovery before the court determined whether to grant class certification. For the reasons hereinafter stated, we dismiss this appeal as interlocutory.

Plaintiff filed a class action complaint against defendant on 6 November 1995 alleging that defendant engaged in a scheme or common course of conduct to use false and misleading sales materials and presentations in the sale of its interest sensitive life insurance policies. Specifically, plaintiff averred that defendant, through its agents, misrepresented the nature of its policies by stating that the premiums would "vanish" after a fixed number of years due to the accumulation of interest or dividends payable on the policies.

On 16 January 1996, the parties filed a Joint Motion for Extension of Time, wherein defendant requested additional time to respond to plaintiff's complaint, and the parties agreed to limit discovery to the issue of class certification until the issue was finally decided. The trial court granted the motion and entered a Scheduling Order, which set the time for completing discovery and submitting briefs on the class certification issue. Plaintiff thereafter served defendant with her First Request for Production of Documents Limited to the Issue of Class Certification. Defendant provided timely responses to plaintiff's requests, producing nearly 10,000 pages of documents.

On 23 January 1996, plaintiff filed a Motion for an Action Maintainable as a Class Action, which she subsequently amended on 3 October 1996. The trial court held a hearing regarding plaintiff's motion on 20 December 1996 and issued a written ruling on 10 February 1997 finding that plaintiff had failed to prove the existence of a "class" as required under North Carolina law. In particular, the court found as follows:

The plaintiff has failed to establish, to the satisfaction of this trial court, the actual existence of a class. She has not established as a threshold matter that defendant Jefferson Pilot's alleged misrepresentations were either standardized representations uniformly made to all putative class members or were representations made as part of a common scheme or course of conduct orchestrated by the defendant and carried out by its agents.

This ruling also directed defendant's counsel to draft a proposed order denying class certification.

On 26 February 1997, before a written order denying class certification was entered, plaintiff filed a Motion for Reconsideration of the Court's Ruling Denying Class Certification and a Motion for Stay of Entry of an Order Denying Class Certification. By her motion for reconsideration, plaintiff requested the trial court to vacate its ruling, pursuant to Rule 60(b)(6) of the North Carolina Rules of Civil Procedure, and to allow plaintiff an opportunity to conduct additional discovery. The trial court granted plaintiff's motion to stay and ordered the parties to submit briefs addressing plaintiff's motion for reconsideration.

The trial court held a hearing on the motion for reconsideration on 26 March 1997. At the hearing, the parties were again afforded an opportunity to argue the issue of class certification. On 14 July 1997, after "review[ing] all of the submissions made by the parties to date," the trial court entered an Order Permitting Further Discovery Before Determination of Class Certification. The order stated that "[t]he plaintiff [shall] have 125 days from the date of the filing of this order to conduct full discovery, in a manner and sequence to be chosen by the plaintiff, regarding" matters specifically listed by the trial court. The order then set out specific materials which "plaintiff [was] authorized to seek and be provided with." These materials were consistent with those items sought by plaintiff in the request for additional discovery stated within her motion for reconsideration. From the order permitting further discovery, defendant appeals.

---

Plaintiff filed a motion to dismiss defendant's appeal as interlocutory. In response, defendant petitioned this Court for writ of certiorari. We will address these matters simultaneously.

"An order is interlocutory if it does not determine the entire controversy between all of the parties." *Abe v. Westview Capital*, 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998) (citing *Veazey v.*

*Durham,* 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied,* 232 N.C. 744, 59 S.E.2d 429 (1950)). As a general rule, interlocutory orders are not immediately appealable. *First Atl. Mgmt. Corp. v. Dunlea Realty Co.,* 131 N.C. App. 242, 507 S.E.2d 56 (1998). The policy behind this rule is to " 'avoid[] fragmentary, premature and unnecessary appeals' " by allowing the trial court to completely and finally adjudicate the case before the appellate courts review it. *Florek v. Borror Realty Co.,* 129 N.C. App. 832, 836, 501 S.E.2d 107, 109 (1998) (quoting *Jarrell v. Coastal Emergency Services of the Carolinas,* 121 N.C. App. 198, 201, 464 S.E.2d 720, 722-23 (1995)).

Nevertheless, a party may appeal an interlocutory order in two instances. *Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). First, a party may appeal where the trial court enters a final judgment with respect to one or more, but less than all of the parties or claims, and the court certifies the judgment as immediately appealable under Rule 54(b) of the North Carolina Rules of Civil Procedure. *Abe,* 130 N.C. App. at 334, 502 S.E.2d at 881 (quoting *Jeffreys,* 115 N.C. App. at 379, 444 S.E.2d at 253). A party may also appeal an interlocutory order "if it affects a substantial right and will work injury to the appellant[] if not corrected before final judgment." *Perry v. Cullipher,* 69 N.C. App. 761, 762, 318 S.E.2d 354, 356 (1984). In either instance, the burden is on the appellant "to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds." *Jeffreys,* 115 N.C. App. at 379, 444 S.E.2d at 253.

Discovery orders, such as that from which the present appeal stems, are interlocutory and, thus, are ordinarily not appealable. *Gibbons v. CIT Group/Sales Financing,* 101 N.C. App. 502, 505, 400 S.E.2d 104, 106 (1991). Our courts, however, have recognized a narrow exception to the rule against direct appeals from discovery orders where such orders include a finding of contempt or other sanctions. *See Sharpe v. Worland,* 132 N.C. App. 223, —— S.E.2d ——, —— (1999) (discovery order appealable when enforced by sanctions); *Wilson v. Wilson,* 124 N.C. App. 371, 477 S.E.2d 254 (1996) (discovery order immediately appealable when party adjudged to be in contempt); *Willis v. Power Co.,* 291 N.C. 19, 229 S.E.2d 191 (1976) (discovery order directly appealable when litigant found to be in contempt for failure to comply). Under such circumstances, "the order is appealable as a final judgment." *Sharpe,* 132 N.C. App. 223, —— S.E.2d ——, —— (1999).

Because the discovery order at issue in the instant case does not impose sanctions or adjudge defendant to be in contempt and since the trial court did not certify the order under Rule 54, the propriety of this appeal rests upon a showing that the order affects a substantial right. *See Jeffreys*, 115 N.C. App. 377, 444 S.E.2d 252. Defendant, however, has failed to make such a showing. Defendant's principal argument is that the order deprives defendant of the "substantial right to a fair and impartial adjudication of the class certification issue." While we do not dispute that a litigant is entitled to an unbiased decision-maker and that the same is essential to due process, *Evers v. Pender County Bd. of Education*, 104 N.C. App. 1, 15, 407 S.E.2d 879, 887 (1991), defendant has not shown that this right is in peril because of the court's discovery order. Defendant charges the trial judge with being predisposed toward plaintiff's cause, but we find no support in the record for defendant's contention that the judge acted improperly. Indeed, there is a " 'presumption of honesty and integrity in those serving as adjudicator.' " *Taborn v. Hammonds*, 83 N.C. App. 461, 472, 350 S.E.2d 880, 887 (1986) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47, 43 L. Ed. 2d 712, 724 (1975)). Therefore, we reject defendant's argument that the discovery order affects its right to a neutral decision on the issue of class certification.

Defendant further challenges the portion of the order requiring it to disclose the names, addresses, and telephone numbers of those policyholders who wrote complaint letters to the company. The files of the complainants were produced to plaintiff in response to a discovery request. These files were also submitted to the trial court as part of the record to be considered in determining the issue of class certification. The names and addresses of the complaining policyholders were redacted from the files prior to their production and submission. Defendant contends that in ordering discovery of the identities of these complainants, the trial court violated defendant's right to protect confidential and proprietary policyholder information. Defendant contends that this right is substantial and will be lost if immediate appeal of the order is denied. We cannot agree.

Initially, we note that our research has uncovered no North Carolina cases which stand for the proposition that an insurance company, as a party to a lawsuit, has a substantial right to prevent disclosure of the identities of complaining policyholders. It is true, as defendant contends, that North Carolina, by adopting the Insurance Information and Privacy Protection Act, N.C. Gen. Stat. § 58-39-1, *et. seq.*, recognizes the confidential nature of policyholder information.

This notwithstanding, the Act explicitly provides that an insurer may disclose "personal or privileged information about an individual collected or received in connection with an insurance transaction [where] the disclosure is: . . . [i]n response to a facially valid administrative or judicial order[.]" N.C. Gen. Stat. § 58-39-75(8) (Cum. Supp. 1997).

Generally, "orders regarding matters of discovery are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of discretion." *Hudson v. Hudson*, 34 N.C. App. 144, 145, 237 S.E.2d 479, 480 (1977). "Judicial action [that is] supported by reason is not an abuse of discretion." *Gregorino v. Charlotte-Mecklenburg Hospital Authority*, 121 N.C. App. 593, 597, 468 S.E.2d 432, 435 (1996).

In its order permitting further discovery, the trial court stated that the documents submitted to date "d[id] not clearly address the issue of whether the life insurance product offered by the defendant was defective." The court further stated that if defendant knowingly put a defective product into the marketplace or if, knowing that its agents were misrepresenting the product, defendant allowed the product to remain in the marketplace, the interests of justice require that the affected consumers have an opportunity for legal redress, such as is available in a class action lawsuit. The court further indicated that questions remained as to whether plaintiff stood in the same relationship to defendant as did the proposed class members so that she could represent the class.

Given these unresolved questions, it was not unreasonable for the trial judge, in its effort to determine whether class certification was appropriate, to order disclosure of the names, addresses, and known telephone numbers of the complaining policyholders and their insurance agents. Moreover, we note that the order at issue was not without restrictions. The trial court limited the time period within which to complete said discovery and confined the scope of such discovery only to those policyholders who had complained. The court did not require defendant to disclose the identities of all existing policyholders or even those who had purchased the allegedly misrepresented policies. Therefore, we hold that the discovery ordered by the trial court was well within its discretionary power. Defendant's argument that the discovery ordered affects a substantial right, then, fails.

The concerns expressed by the dissent regarding the disclosure of confidential information about policyholders is misplaced for two

ROMIG v. JEFFERSON-PILOT LIFE INS. CO.

[132 N.C. App. 682 (1999)]

reasons. First, the individual policyholders whose names and addresses the court ordered disclosed had surrendered the cloak of confidentiality and, in fact, desired attention to their perceived injustices, when they expressed in writing their complaints regarding defendant's insurance. Second, the trial court has broad discretion to prevent abuses of discovery and is authorized to issue protective orders under the Rules of Civil Procedure that could preserve the confidentiality of the complaining policyholders, i.e., orders limiting the use of the information and/or prohibiting further disclosure. *See* N.C.R. Civ. P. 26(c). Certainly, defendant is not precluded from seeking a protective order from the trial court.

For the foregoing reasons, we conclude that defendant has failed to demonstrate that a substantial right will be irreparably harmed if immediate appeal is not allowed. Accordingly, defendant's appeal must be dismissed.

Dismissed.

Judge JOHN concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I agree that the order appealed by defendant is interlocutory. I do not agree, however, that the order fails to affect a substantial right that will be irreparably harmed if the interlocutory appeal is denied.

"[D]iscovery matters are interlocutory and *ordinarily* are not appealable." *Gibbons v. CIT Group/Sales Financing*, 101 N.C. App. 502, 505, 400 S.E.2d 104, 106, *disc. review denied*, 329 N.C. 496, 407 S.E.2d 856 (1991) (emphasis added). I believe this case presents an exception to the general rule that discovery matters are not immediately appealable. In this case, the trial court ordered the disclosure of insurance policyholder information, including the identities of the insured. This information is recognized as confidential, N.C.G.S. ch. 58, art. 39 (1994 & Supp. 1998), and it follows that plaintiff has a substantial right to protect the disclosure of the information. Admittedly, the same statute providing that the policyholder information is confidential also provides that it is subject to disclosure by an appropriate court order. N.C.G.S. § 58-39-75(8) (Supp. 1998). It is the appropriateness of this order that the insurance company is entitled to have

TELEFLEX INFO. SYS., INC. v. ARNOLD

[132 N.C. App. 689 (1999)]

immediately reviewed. If it is not immediately reviewed, the confidential material will be disclosed and the appellate court, after entry of a final judgment, will be helpless to correct any error it may find in the disclosure order. Once the information is disclosed, its confidentiality can never be restored. In other words, if the issue of the legality of the disclosure is not addressed in this interlocutory appeal, it can never be addressed effectively.

I, therefore, would allow this appeal.