LEWIS WILLIAMSON, Plaintiff v. TOWN OF SURF CITY, Defendant

No. COA00-710

(Filed 15 May 2001)

**Cities and Towns— closing portion of street—vested interest—compliance with procedural requirements**

The trial court did not err by dismissing plaintiff's appeal with prejudice on the issue of defendant town's closing of a 20-foot portion of the street contiguous to plaintiff's and defendant's properties under N.C.G.S. § 160A-299 even though plaintiff contends defendant's intent for closing the street was for the improper purpose of constructing public facilities on the portion of the street vested in defendant as a result of the street closing, because: (1) defendant obtained a vested interest in a portion of the street as a result of the closing of the street; and (2) nothing in N.C.G.S. § 160A-299 limits the authority of the town to close a street based on the town's intent when ordering the closing, pro-

vided the town complies with the procedural requirements of the statute.

Appeal by plaintiff from judgment filed 19 April 2000 by Judge Charles H. Henry in Onslow County Superior Court. Heard in the Court of Appeals 17 April 2001.

*Robert W. Kilroy for plaintiff-appellant.*

*Lanier & Fountain, by Charles S. Lanier, for defendant-appellee.*

GREENE, Judge.

Lewis Williamson (Plaintiff) appeals a judgment filed 19 April 2000 in favor of Town of Surf City (Defendant).

The record contains the following undisputed facts: Plaintiff is the owner of property located on North Shore Drive in Surf City, described in the Onslow County Registry at Map Book 9, Page 71 as "Lot 6, Block 20, Section 4, Old Settlers Beach." Defendant also owns property located on North Shore Drive in Surf City, described in the Onslow County Registry at Map Book 9, Page 71 as "Lots 4, 5, 6, 7, 8, 9, Block 26, Section 4, Old Settlers Beach." North Shore Drive, a public street maintained by Defendant, is a dead end street that terminates in front of Plaintiff's and Defendant's properties. Plaintiff's property is located directly across the street from Defendant's property; Defendant's property is adjacent to Old Settlers Beach and has been used in the past as a means of public access to the beach.

Prior to 1999, Defendant applied for and received a grant from North Carolina to improve its property on North Shore Drive for beach access. Defendant then applied for and received a CAMA Minor Development Permit from the North Carolina Department of Environment, Health, and Natural Resources and the Coastal Resources Commission. The permit allowed Defendant to make improvements to its property, including the construction of storage and bathroom facilities on the property. The setback requirements contained in the permit, however, necessitated that Defendant utilize a portion of the right-of-way of North Shore Drive for the construction of the improvements. On 2 March 1999, the Town Council of the Town of Surf City (the Town Council), therefore, passed a "Resolution of Intent" entitled: "A Resolution Declaring the Intention of the Town Council . . . to Consider the Closing of North Shore Drive

Between 2111 N. Shore Drive and 2112 N. Shore Drive" (Resolution of Intent), pursuant to N.C. Gen. Stat. § 160A-299 (procedure for permanently closing streets and alleys). The proposed closing would result in the closing of a 20-foot portion of North Shore Drive contiguous to Plaintiff's and Defendant's properties. The Resolution of Intent stated a meeting would be held on 6 April 1999 for the purpose of considering the closing. On 4 March 1999, Defendant notified Plaintiff by registered mail of its intent to consider closing a portion of North Shore Drive. Additionally, Defendant posted the Resolution of Intent "in two conspicuous places . . . in the vicinity of the road to be closed." Finally, the Resolution of Intent was published for four consecutive weeks in the *Topsail Voice.*

On 6 April 1999, the Town Council held a meeting "which included a public hearing of . . . Defendant's intention to close a portion of North Shore Drive." The Town Council "allowed all interested persons to appear and register any objections that they might have to the closing of North Shore Drive" and the Town Council calendered a vote on the proposed closing for 4 May 1999. At the 4 May 1999 meeting, the Town Council approved the closing by a majority vote and issued a "Street Closing Order" (the Order) containing the following pertinent provisions:

> WHEREAS, after full and complete consideration of the matter and having granted full and complete opportunity for all interested persons to appear and register any objections that they might have with respect to the closing of said Street in the public hearing held on April 6, 1999; and

> WHEREAS, it now appears to the satisfaction of the Town Council that the closing of said street is not contrary to the public interest, and that no individual owning property, either abutting the street or in the vicinity or in the subdivision in which the street is located, will as a result of the closing be thereby deprived of a reasonable means of ingress and egress to his property;

> NOW, THEREFORE, . . . the portion of North Shore Drive lying between 2111 North Shore Drive and 2112 North Shore Drive (20 feet) is hereby ordered closed, and all right, title, and interest that may be vested in the public to said area for street purposes is hereby released and quitclaimed to the abutting property owners in accordance with the provisions of G.S. 160A-299.

On 1 June 1999, Plaintiff filed an appeal of the Order in the Superior Court of Onslow County, pursuant to N.C. Gen. Stat. § 160A-299(b). Plaintiff's appeal alleged, in pertinent part: "The Order contravenes public policy and deprives Plaintiff of the full width of the right[-]of[-]way of North Shore Drive to which his property is entitled and as enjoyed by all other lot owners on North Shore Drive for full width of their lots." Plaintiff sought a declaration "that the action of Defendant . . . in closing a 20[-]foot portion of North Shore Drive was not in accordance with the statutory provisions of [N.C. Gen. Stat. §] 160A-299(a)." In an answer filed 3 August 1999, Defendant moved to dismiss Plaintiff's appeal pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure "on the ground[] that [P]laintiff's 'Appeal' fails to state a ground upon which relief can be granted." Plaintiff and Defendant waived their right to a hearing on Plaintiff's appeal and stipulated to the facts before the trial court. In its 19 April 2000 judgment, the trial court made the following pertinent conclusions of law:

10. The Town Council . . . did not exceed its authority or discretion in closing the twenty[-]foot portion of North Shore Drive as described in its resolution. [It] made a decision in good faith in respect to a matter within [its] exclusive jurisdiction. The closing was a legitimate exercise of the [Defendant's] governmental discretion.

11. That upon closing of the street, [Defendant] being the owner of the adjacent lot, may use the adjacent lot and land acquired by virtue of said street closing for any lawful purpose.

The trial court, therefore, dismissed Plaintiff's appeal with prejudice.

---

The issue is whether a town has the authority to close a street pursuant to N.C. Gen. Stat. § 160A-299 when the town intends to use a portion of the closed street which is vested in the town as a result of the closing to construct public facilities.

N.C. Gen. Stat. § 160A-299 sets forth the procedure a town must follow when it "proposes to permanently close any street." N.C.G.S. § 160A-299(a) (1999). Section 160A-299(a) requires that a town council must first adopt a resolution declaring its intent to close the street and calling a public hearing on the issue, and the resolution must be published once a week for four consecutive weeks prior to the hearing. *Id.* Additionally, the resolution must be "sent by regis-

tered or certified mail to all owners of property adjoining the street . . . and a notice of the closing and public hearing shall be prominently posted in at least two places along the street." *Id.* Section 160A-299(a) provides:

> At the hearing, any person may be heard on the question of whether or not the closing would be detrimental to the public interest, or the property rights of any individual. If it appears to the satisfaction of the council after the hearing that closing the street . . . is not contrary to the public interest, and that no individual owning property in the vicinity of the street . . . or in the subdivision in which it is located would thereby be deprived of reasonable means of ingress and egress to his property, the council may adopt an order closing the street . . . .

*Id.* When a street is closed in accordance with section 160A-299,

> all right, title, and interest in the right-of-way shall be conclusively presumed to be vested in those persons owning lots or parcels of land adjacent to the street . . . and the title of such adjoining landowners, for the width of the abutting land owned by them, shall extend to the centerline of the street[.]

*Id.* § 160A-299(c) (1999).

In this case, Plaintiff concedes Defendant complied with all procedural requirements for closing a street under section 160A-299(a). Additionally, Plaintiff does not argue the closed portion of the street was not properly vested in part in Plaintiff and in part in Defendant, in compliance with section 160A-299(c). Rather, Plaintiff contends the Order does not comply with section 160A-299 because Defendant intended, at the time the Order was approved, to construct public facilities on the portion of North Shore Drive vested in Defendant under section 160A-299(c) as a result of the street closing. Plaintiff contends Defendant's intent resulted in the street being closed for an improper purpose. In support of this argument, Plaintiff cites *Wooten v. Town of Topsail Beach*, 127 N.C. App. 739, 493 S.E.2d 285 (1997), *disc. review denied*, 348 N.C. 78, 505 S.E.2d 888 (1998). In *Wooten*, a town sought to construct a park on a portion of a public street without first complying with the procedural requirements of section 160A-299(a). *Id.* at 742, 493 S.E.2d at 287. On appeal, this Court held the trial court erred in issuing an injunction " 'until the [t]own complies with [section 160A-299]' " because if the town did comply with section 160A-299, "the land would go one-half each to property own-

ers on the north and south sides of the dedicated street" under section 160A-299(c). *Id.* at 742, 493 S.E.2d at 288. Because the town was not one of these property owners, the town would not obtain any property rights in the closed portion of the street and, thus, would not be permitted to construct a park on the closed portion of the street. *Id.* In the case *sub judice*, however, Defendant obtained a vested interest in a portion of North Shore Drive as a result of the street closing; thus, the teaching of *Wooten* does not support Plaintiff's argument. Moreover, we find nothing in section 160A-299 that limits the authority of a town to close a street based on the town's intent when ordering the closing, provided the town complies with the procedural requirements of the statute. Accordingly, the trial court's 19 April 2000 judgment is affirmed.[1]

Affirmed.

Judges McGEE and CAMPBELL concur.

———————————

JOHN R. HENDRICKS, JR. v. DEBORAH GAIL SANKS

No. COA00-91

(Filed 15 May 2001)

**1. Child Support, Custody, and Visitation— support—child reached age of eighteen but still in school—subject matter jurisdiction**

1. Plaintiff argues in his brief to this Court that a town may not close *a portion* of a street under section 160A-299; rather, a town must close the entire "length and breadth" of a street under this statute. We find nothing in section 160A-299 to support Plaintiff's contention that the Legislature intended to provide a town with the author-

2.  **Child Support, Custody, and Visitation— support—suffi-
    ciency of evidence—specific amount**

    Appeal by defendant from judgment entered 27 September 1999
by Judge Bruce B. Briggs in Mitchell County District Court. Heard in
the Court of Appeals 14 February 2001.

*Harrison & Poore, PA by Hal G. Harrison for plaintiff-appellee.*

*Hall & Hall by Douglas L. Hall for defendant-appellant.*

---

ity to close a street only if the entire length and breadth of the street is closed.
Furthermore, in interpreting a statute permitting municipal corporations to "close
any street or alley," the North Carolina Supreme Court has held that "[w]hether a
street lies in a subdivision or is of other origin, the city may close all or part of it upon
compliance with statutory procedure." *Wofford v. Highway Commission*, 263 N.C.
677, 684, 140 S.E.2d 376, 382 (citing N.C.G.S. § 160-200(11) (repealed 1972)), *cert.
denied*, 382 U.S. 822, 15 L. Ed. 2d 67 (1965). We, therefore, overrule this assignment
of error.