WILLIAM MARCH; EARL CRISHER AND WIFE, GALE CRISHER; THOMAS F. SALP AND WIFE, BECKY SALP; W. RICHARD LOMAX; PAUL LESNER AND WIFE, MARGARET LESNER; BILLY CONES AND WIFE, NATALIE CONES; CHARLES WHITE AND WIFE, NELL WHITE; GENE WORRELL AND WIFE, PAGE WORRELL; AND McCAULEY CAMPEN AND WIFE, RUBY M. CAMPEN, PLAINTIFFS-APPELLEES V. TOWN OF KILL DEVIL HILLS, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT

No. COA96-158

(Filed 7 January 1997)

**Highways, Streets, and Roads § 30 (NCI4th)— on-street parking—not parking lot—consistency with street dedication**

Forty-four parking spaces established by a town in the center of a boulevard constituted permissible on-street parking consistent with dedication of the boulevard for street purposes and not a parking lot prohibited by the town's zoning ordinance. N.C.G.S. § 160A-301.

**Am Jur 2d, Highways, Streets, and Bridges § 10.**

**Validity and construction of zoning regulations requiring garage or parking space. 74 ALR2d 418.**

**Zoning: residential off-street parking requirements. 71 ALR4th 529.**

Appeal by defendant from judgment entered 28 November 1995 by Judge William C. Griffin, Jr. in Dare County Superior Court. Heard in the Court of Appeals 23 October 1996.

*Sharp, Michael, Outten & Graham, L.L.P., by Robert L. Outten, for plaintiffs-appellees.*

*McCown & McCown, P.A., by Wallace H. McCown; and Michael B. Brough & Associates, by Michael B. Brough; for defendant-appellant.*

WALKER, Judge.

Plaintiffs are property owners in the Virginia Dare Shores subdivision in the Town of Kill Devil Hills (the Town). The plat for this subdivision, recorded in 1927, shows a street 100 feet wide known as Hayman Boulevard. The offer of dedication created by the recording of this plat had been accepted by the Town. Hayman Boulevard runs east and west between N.C. Highway 12 and U.S. Highway 158, but was unpaved and not open as a through street between these two highways before this action arose. The Town proposed to open Hayman Boulevard as a through street between N.C. 12 and U.S. 158 with forty-four parking spaces in the center of the street between two travel lanes. Plaintiffs filed a complaint seeking to enjoin the Town from constructing the proposed improvements to Hayman Boulevard. Plaintiffs' motion for summary judgment was granted and defendant's motion for judgment on the pleadings was denied. The judgment states that the trial court reviewed "the pleadings, the evidence presented and arguments of counsel." Thus, we treat defendant's motion likewise as a motion for summary judgment. *Minor v. Minor,* 70 N.C. App. 76, 318 S.E.2d 865, *cert. denied,* 312 N.C. 495, 322 S.E.2d 558 (1984).

Pursuant to N.C.R. Civ. P. 56 (c), "[s]ummary judgment is the device whereby judgment is rendered if the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Johnson v.*

*Insurance Co.*, 300 N.C. 247, 252, 266 S.E.2d 610, 615 (1980). The party moving for summary judgment has the burden of clearly establishing the lack of any triable issue of material fact by the record properly before the court. *Id.* at 252-53, 266 S.E.2d at 615 (*citing Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975)). In this case, the facts are not disputed and only questions of law exist.

Plaintiffs contend that by establishing forty-four parking spaces on this street, the Town created a parking lot and not on-street parking. On the other hand, the Town argues that these parking spaces are incidental to and consistent with the opening of the remaining section of Hayman Boulevard as a street.

The plaintiffs, as purchasers of lots pursuant to this plat, have a right in common with all other citizens to use this dedicated street along with a right of reasonable access to the street for ingress and egress to their property. *Wofford v. State Highway Commission*, 263 N.C. 677, 680, 140 S.E.2d 376, 379 (1965). Even though this section of Hayman Boulevard was not opened and used as a through street for many years, it has long been established in this State that when a street has been dedicated and a municipality has opened it, and it has been used continuously for many years, although the use may not have extended to the full width of the street, the unused portion has not, by reason of nonuser, lost the character of a street for which it was originally dedicated. *Salisbury v. Barnhardt*, 249 N.C. 549, 107 S.E.2d 297, (1959); *Insurance Co. v. Carolina Beach*, 216 N.C. 778, 7 S.E.2d 13 (1940). Thus, the Town is authorized to open the remaining portion of the Hayman Boulevard right-of-way for street purposes as long as the plaintiffs' access to their properties is not unreasonably inhibited. Plaintiffs make no such assertion with regard to the opening of Hayman Boulevard as a street, but only object to the Town providing forty-four parking spaces on this street.

Section 21-2.1 of the Town's zoning ordinance defines a parking lot as "[a]n area or plot of land used for the temporary placement of motor vehicles." However, the Town is authorized by N.C. Gen. Stat. § 160A-301 (1979) to regulate and permit the parking of vehicles on public streets. Subsection (a) of this statute entitled "On-street parking" provides, "[a] city may by ordinance regulate, restrict, and prohibit the parking of vehicles on the public streets, alleys, and bridges within the city. . . ." Plaintiffs' concede that if these forty-four spaces are found to provide parking ancillary to a street rather than a parking lot, it would be within the Town's right to improve Hayman

Boulevard in such a manner. Notwithstanding this concession, plaintiffs contend that the Town does not have the authority to use a right-of-way dedicated for street purposes as a parking lot in violation of the Town's zoning ordinance. However, the definition of parking lot provided in the Town's zoning ordinance does not define when or under what circumstances the number of parking spaces provided on a street would transform it into a parking lot and we decline to provide our own definition.

In *Spicer v. Goldsboro*, 226 N.C. 557, 39 S.E.2d 526 (1946), when faced with a challenge to the City's decision to make improvements within its own right-of-way, our Supreme Court stated:

> It is true plaintiffs allege the action of defendants in directing that the area in question be prepared for paving was arbitrary and capricious. But this is a conclusion unsupported by the evidence. The aldermen had the authority to act. They spoke in respect to a matter within their exclusive jurisdiction. It is presumed they acted in good faith. No fact or circumstance which tends to rebut that presumption is made to appear.

*Id.* at 560, 39 S.E.2d at 528. In the case at hand, the decision of the Town to undertake the improvement project on Hayman Boulevard was a legitimate exercise of the Town's governmental discretion.

Further, according to McQuillan, *The Law of Municipal Corporations*, Third Edition, Volume 11A § 33.74, in order to "constitute misuser or diversion, the use made of the dedicated property must be inconsistent with the purposes of the dedication or substantially interfere with it." We conclude that the parking improvements made by the Town constitute permissible on-street parking and are consistent with the opening of Hayman Boulevard for street purposes. As such, the trial court erred in granting plaintiffs' motion for summary judgment and in denying defendant's motion which was treated as a motion for summary judgment.

Reversed and remanded.

Judges LEWIS and MARTIN, Mark D. concur.