DAL FLOYD WOOTEN III, Plaintiff v. TOWN OF TOPSAIL BEACH, Defendant

No. COA97-150

(Filed 18 November 1997)

### 1. Highways, Streets, and Roads § 12 (NCI4th)— dedicated street—park to be built at one end—properly enjoined

The trial court properly granted summary judgment for plaintiff in an action arising from the Town's attempt to construct a park at the end of a dedicated unpaved portion of a street which ran to Banks Channel. This land was dedicated as a street and cannot be used as a park; if a property is dedicated for a particular purpose, it cannot be diverted from that purpose by the state or municipality except by eminent domain. Additionally, defendant intends to block vehicular traffic, so that construction of a park is inconsistent with the dedication as a street.

### 2. Highways, Streets, and Roads § 12 (NCI4th)— park on one end of dedicated street—reversion of property to adjacent landowners

The trial court erred by enjoining defendant from constructing a park on the unused portion of a dedicated street until defendant complies with applicable statutes for closing a dedicated street. Closing the street pursuant to statute would not allow defendant to utilize the street for park purposes in that N.C.G.S. § 160A-299(c) specifies that the land would go to property owners on the sides of the dedicated street.

Appeal by defendant from: (1) grant of summary judgment in favor of plaintiff; (2) denial of defendant's summary judgment motion; and (3) grant of a permanent injunction against defendant, all entered 10 January 1997 by Judge Elton G. Tucker in Pender County District Court. Heard in the Court of Appeals 7 October 1997.

*Clare Lynn Brock for plaintiff appellee.*

*Wessell & Raney, by John C. Wessell III, for defendant appellant.*

SMITH, Judge.

Prior to March 1950, a map was recorded in the Pender County Register of Deeds showing a sixty-foot right of way designated as Scott Avenue running east to west from the Atlantic Ocean to the

waters of Banks Channel, which dedication was accepted by the Town of Topsail Beach ("Town"). The majority of this public street is paved. However, the westernmost portion of Scott Avenue, approximately one hundred twenty feet in length and sixty feet wide, has never been paved. In the past, people have parked cars, boats, boat trailers, and other vehicles along the unpaved portion of the street. The street has also been used as access to the Banks Channel waterway. In addition, plaintiff uses Scott Avenue as a principal means of vehicular access to the western portion of a duplex facing Banks Channel.

On 9 April 1996, plaintiff Dal F. Wooten III, sought a preliminary and permanent injunction enjoining the Town from constructing proposed improvements at the western end of the dedicated unpaved portion of Scott Avenue. Prior to 26 March 1996, the Board of Commissioners of the Town directed the town manager to construct a park on the westernmost unpaved portion of Scott Avenue. Plaintiff's family has owned Lot 23 of the subdivision, shown on the recorded map, for approximately thirty-four years. This lot lies immediately north of the right of way of Scott Avenue within which the proposed improvements are to be made.

On 2 January 1997, District Court Judge Elton G. Tucker heard motions for summary judgment from both parties. Thereafter, Judge Tucker granted plaintiff's motion for summary judgment, while denying defendant's motion. Further, the judge permanently enjoined defendant from constructing a park unless and until the Town complies with N.C. Gen. Stat. § 160A-299 (1987) and other applicable statutes for the closing of a dedicated street. Defendant appeals from this judgment.

[1] The first assignment of error involves whether the trial court erred in granting summary judgment in favor of plaintiff on the grounds that the Town lacked the authority to make the proposed improvements. Appellate review of the grant of summary judgment is limited to two questions, including: (1) whether there is a genuine question of material fact, and (2) whether the moving party is entitled to judgment as a matter of law. *Gregorino v. Charlotte-Mecklenburg Hosp. Authority*, 121 N.C. App. 593, 595, 468 S.E.2d 432, 433 (1996). A motion for summary judgment should be granted if, and only if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). Evidence is viewed in the light most favorable to the

non-moving party with all reasonable inferences drawn in favor of the nonmovant. *Whitley v. Cubberly*, 24 N.C. App. 204, 206-07, 210 S.E.2d 289, 291 (1974).

Defendant argues the Town has the authority to construct a park on the dedicated street, Scott Avenue. However, "[i]f property is dedicated for a particular purpose, it cannot be diverted from that purpose by the state or municipality, except under the power of eminent domain." McQuillin, *The Law of Municipal Corporations*, Third Edition, Volume 11A § 33.74. This principle means that

> **[w]here the owner of land has dedicated [the land] for a street or alley, the municipality cannot appropriate it to other uses or purposes.** However, the land may be appropriated to any use, such as the construction of sewers, to which a street acquired in any other manner may be put. Permissible uses of a street may include the use of the street by a railroad, for the placing of telephone poles by a telephone company, and for part of a sea wall system. Land dedicated as a street may also be modernized to conform to modern plans for traffic flow and control. **Land dedicated for a street cannot be used, however, as a park or as a public square**.

*Id.* (footnotes omitted) (emphasis added). Since the land in this case was dedicated as a street, it cannot be used as a park.

In addition, the use made of dedicated property may constitute misuse or diversion if the use is inconsistent with the purposes of the dedication or substantially interfere with it. *March v. Town of Kill Devil Hills*, 125 N.C. App. 151, 154, 479 S.E.2d 252, 253 (1997). N.C. Gen. Stat. § 20-4.01(13) (Cum. Supp. 1996) defines a street as: "[t]he entire width between property or right-of-way lines of every way or place of whatever nature, when any part thereof is open to the use of the public as a matter of right for the purposes of **vehicular traffic."** (Emphasis added.) Defendant intends to block vehicular traffic and, thus, the construction of a park is inconsistent with the dedication of land as a street. This proposed use of the dedicated street as a park constitutes misuse or diversion. Therefore, there is no genuine issue of material fact and plaintiff is entitled to judgment as a matter of law.

The second assignment of error is whether the trial court erred in denying defendant's motion for summary judgment. However, appellate review is confined to those exceptions which pertain to the argu-

ment presented. *Crockett v. First Fed. Sav. & Loan Assoc. of Charlotte*, 289 N.C. 620, 632, 224 S.E.2d 580, 588 (1976). To obtain appellate review, a question raised by an assignment of error must be presented and argued in the brief. *In re Appeal from Environmental Management Comm.*, 80 N.C. App. 1, 18, 341 S.E.2d 588, 598, *disc. review denied*, 317 N.C. 334, 346 S.E.2d 139 (1986). Questions raised by assignments of error which are not presented in a party's brief are deemed abandoned. *State v. Wilson*, 289 N.C. 531, 535, 223 S.E.2d 311, 313 (1976). Defendant failed to address the denial of his summary judgment motion. Therefore, this issue is deemed abandoned.

**[2]** Finally, defendant argues the trial court erred in permanently enjoining the Town from constructing a park until the Town complies with N.C. Gen. Stat. § 160A-299 and other applicable statutes for the closing of a dedicated street. N.C. Gen. Stat. § 160A-299(a) gives cities and towns the authority to close "any street or public alley." *In re Easement in Fairfield Park*, 90 N.C. App. 303, 309, 368 S.E.2d 639, 642 (1988). Furthermore, N.C. Gen. Stat. § 160A-299(d) states that this section shall apply to "any street or public alley within a city or its extraterritorial jurisdiction that has been irrevocably dedicated to the public, without regard to whether it has actually been opened." *Id.* In this case, defendant wants to close the dedicated street to vehicular traffic in order to construct a park. The Town has the authority to close the street in this manner, but they must follow the dictates of N.C. Gen. Stat. § 160A-299 in order to effectuate the closing of the street. Defendant has not followed the procedures set out in this section and, therefore, this assignment of error is overruled.

Finally, we note that the trial judge enjoined the Town from constructing a park until they closed the dedicated street in accordance with N.C. Gen. Stat. § 160A-299. However, closing the street pursuant to the statute would not allow the Town to utilize the street for park purposes in that N.C. Gen. Stat. § 160A-299(c) specifies if a portion of the street is closed, the land would go one-half each to property owners on the north and south sides of the dedicated street. Thus, the trial court erred in issuing an injunction "until the Town complies with North Carolina General Statute 160A-299 and any other applicable statute for the closing of a dedicated street."

In conclusion, there is no genuine issue of material fact and plaintiff is entitled to judgment as a matter of law. Accordingly, we affirm the trial court's grant of summary judgment for plaintiff, reverse the

trial court's error in issuing its injunction until the street is closed, and remand for correction of the judgment.

Affirmed in part, reversed in part, and remanded for correction of judgment.

Judges WYNN and MARTIN, John C., concur.