DUDLEY J. EMICK & MARTHA EMICK, Plaintiffs v. SUNSET BEACH & TWIN LAKES, INC., EDWARD M. GORE, DINAH E. GORE, & TOWN OF SUNSET BEACH, Defendants and Third Party Plaintiffs v. RONALD ERNEST COHN, ET AL., Third Party Defendants

No. COA06-53

(Filed 19 December 2006)

## 1. Declaratory Judgments— standing—plan of development

The plaintiffs had standing to bring an action seeking a declaratory judgment that a plan of development existed for a part of Sunset Beach according to the plat referenced in their deed. Plaintiffs have identified an actual controversy in their complaint regarding the width of the right of way to a road and whether development could occur on certain lots.

## 2. Deeds— chain of title—maps and plats—street right of way

There was an issue of fact as to plaintiffs' right to enforce a plan of development within their chain of title, and summary judgment should not have been granted for third-party defendant Rosewood Investments, where plaintiffs' chain of title for beach lots included reference to the right of way of a particular street that prevented development on certain lots, but defendants argued that the street had been withdrawn and later recognized with a smaller right-of-way, and defendants also argued flooding from an inlet had changed the island since the original chain of development.

EMICK v. SUNSET BEACH & TWIN LAKES, INC.

[180 N.C. App. 582 (2006)]

**3. Judgments— entry of default—set aside—no abuse of discretion**

The trial court did not abuse its discretion by finding good cause to set aside an entry of default where the third-party plaintiffs who had obtained the entry of default stipulated to the existence of good cause for setting aside the entry, and the trial court's order did not create additional issues or prejudice to plaintiffs.

Appeal by plaintiffs from orders entered 28 June 2005 by Judge William C. Gore and 24 August and 31 August 2005 by Judge E. Lynn Johnson in Brunswick County Superior Court. Heard in the Court of Appeals 23 August 2006.

*Kennedy, Covington, Lobdell, Hickman, L.L.P., by Beverly A. Carroll and Andrew M. Habenicht, for plaintiff-appellants.*

*Trest & Twigg, by Roy D. Trest, for defendant and third-party plaintiff-appellees Edward M. Gore and Dinah E. Gore.*

*Fairley, Jess, Isenberg & Thompson, by Michael R. Isenberg, for defendant and third-party plaintiff-appellees The Town of Sunset.*

*No brief filed for third-party defendants.*

BRYANT, Judge.

Dudley J. Emick and Martha Emick (plaintiffs) appeal from orders entered 28 June 2005, 24 August 2005 and 31 August 2005 granting Rosewood Investments, L.L.P.'s (third-party defendants') motion to dismiss the amended lis pendens action on Rosewood's lots located at Sunset Beach, North Carolina; granting Rosewood's motion for summary judgment; and dismissing plaintiff's complaint against Sunset Beach & Twin Lakes, Inc., Edward M. Gore, Dinah E. Gore, & Town of Sunset Beach, Inc. (collectively defendants and third-party plaintiffs) for lack of standing.

The Sunset Beach plan of development began in 1955. In 1965, Sunset Beach conveyed three tracts of land to James Bowen which conveyance showed North Shore Drive as a sixty-foot right of way. Bowen subdivided those lots and a map was filed in 1977 in Map Book I, page 379 (Bowen Subdivision). Several maps prepared from 1955 until 1976 indicated that roads running east to west on the island, which included North Shore Drive, were to be sixty-feet wide. In

EMICK v. SUNSET BEACH & TWIN LAKES, INC.

[180 N.C. App. 582 (2006)]

1976, Sunset Beach prepared a map which shows North Shore Drive to be a thirty-foot right of way.

On 3 December 2001, plaintiffs purchased a home on lot 25, Tract 19 at the corner of North Shore Drive and 19th Street on the eastern end of Sunset Beach in Brunswick County, North Carolina, Deed Book 1527, at page 1190. The map referenced in plaintiffs' deed shows North Shore Drive to be sixty-feet wide. Before plaintiffs purchased their Sunset Beach home, they inquired about the development of the strip of land that runs between North Shore Drive and the canal, bordering the northern end of their property and a tract of land on the eastern side of their home, referred to as "the Point" (Tract 20 on Map 8, Page 7, Brunswick County Registry). Plaintiffs were told houses could not be built on the strip of land on the canal because it was not wide enough; North Shore Drive had been developed as a sixty-foot right of way such that this strip of land did not contain enough square footage between the right of way and the canal on which to build houses. In 2003, plaintiffs observed some land clearing on the strip of land between North Shore Drive and the canal and brought this action, seeking a declaratory judgment that a plan of development existed for Sunset Beach, in particular the eastern part of the island.

On 26 July 2004, the trial court granted the motion filed by defendant Sunset Beach to join as necessary parties all lot owners with property in the Bowen Subdivision adjacent to or abutting North Shore Drive tracts 17, 18 and 19. Rosewood Investments, LLC[1] was also served to be joined as a necessary party in the litigation since it purchased lots on the Point and Tract 20. A third-party complaint, incorporating the necessary parties, was filed 2 August 2004.

On 14 October 2004, plaintiffs filed an amended notice of lis pendens to exclude certain real property across the canal from the strip of land bordering North Shore Drive that fell outside the scope of this litigation. On 24 November 2004, the motion for entry of default filed by Sunset Beach was granted as to a number of third-party defendants, including Rosewood Investments. On 10 June 2005, Rosewood Investments filed a motion to dismiss plaintiff's amended lis pendens. On that date, Judge Gary E. Trawick entered a consent order to set aside entry of default against Rosewood Investments.

---

1. Rosewood Investments, LLC is the owner of lot numbers fifty, forty-eight and forty six of Block 14R as shown in Map Book 30, Page 274, Brunswick County Registry and has a binding contract to purchase lots twenty-nine, thirty, thirty-one, thirty-four, thirty-five and thirty-six of Block 14R as shown on plat recorded in Map Book 30, Page 274, Brunswick County Registry.

**EMICK v. SUNSET BEACH & TWIN LAKES, INC.**

[180 N.C. App. 582 (2006)]

On 28 June 2005, Rosewood Investments' motion to dismiss the amended lis pendens was granted by Judge William C. Gore. Further, Judge Gore indicated plaintiffs did not have standing as they "failed to allege that they have a particular interest in the outcome of this suit involving public matters that surpasses the common interest of all citizens of the Town of Sunset Beach." Rosewood Investments filed an answer to the Sunset Beach third-party complaint and moved for summary judgment, citing plaintiffs' lack of standing as the legal basis for their motion. On 12 August 2005, plaintiffs also moved for summary judgment. On 24 August 2005, Judge E. Lynn Johnson entered an order granting Rosewood Investments' motion for summary judgment and dismissing plaintiffs' complaint for lack of standing. On 31 August 2005, Judge Johnson entered another order, granting Rosewood Investments' motion for summary judgment. From these orders, plaintiffs appeal.

On appeal plaintiffs argue whether the trial court erred: (I) in dismissing plaintiffs' complaint for lack of standing and granting Rosewood Investments' motion for summary judgment; and (II) in setting aside the entry of default and permitting Rosewood Investments to participate in this action.

I

Plaintiffs argue the trial court erred in dismissing plaintiffs' complaint for lack of standing and granting Rosewood Investments' motion for summary judgment. We agree.

### Standing

[1] Plaintiffs derive standing to bring this action for declaratory judgment pursuant to N.C. Gen. Stat. § 1-254 (2005).[2] To establish standing, plaintiffs must present an actual controversy between the parties; however

[p]laintiff[s] [are] not required to allege or prove that a traditional "cause of action" exists against defendant in order to establish an actual controversy. However, it is a necessary requirement of an

2. N.C. Gen. Stat. § 1-254 states "[a]ny person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder. A contract may be construed either before or after there has been a breach thereof." N.C.G.S. § 1-254 (2005).

actual controversy that the litigation appear to be unavoidable. The essential distinction between an action for Declaratory Judgment and the usual action is that no actual wrong need have been committed or loss have occurred in order to sustain the declaratory judgment action, but there must be no uncertainty that the loss will occur or that the asserted right will be invaded.

*Emerald Isle v. State*, 320 N.C. 640, 646, 360 S.E.2d 756, 760 (1987) (citations omitted). In this case, we determine that plaintiffs have standing to seek a declaration that a plan of development exists with North Shore Drive as a sixty-foot right of way, according to the plat referenced in their deed. *See March v. Town of Kill Devil Hills*, 125 N.C. App. 151, 479 S.E.2d 252 (1997) (holding subdivision property owners had standing to seek injunction prohibiting the town from improving unpaved road in violation of plan of development). Further, plaintiffs are entitled to take action to prevent the owner of the larger tract of land from departing from a plan of development evidenced by a map made at the time the property was conveyed. *See Wooten v. Town of Topsail Beach*, 127 N.C. App. 739, 493 S.E.2d 285 (1997) (abutting landowners on a dedicated street had inherent standing to seek injunction prohibiting town from building parking spaces on street in violation of plan of development shown on recorded map). Plaintiffs are property owners whose land abuts North Shore Drive. Plaintiffs have identified the actual controversy in their complaint and challenge defendants' development on a portion of North Shore Drive. Specifically, plaintiffs allege in their complaint "the correct, legal and valid width of the right of way of North Shore Drive east of Cobia Street to the eastern end of North Shore Drive is sixty feet in width; that []none of the defendants ever properly withdrew dedication of North Shore Drive in accordance with N.C.G.S. 139-96 or 160A-299; and that any document which declares the width of North Shore Drive east of Cobia Street to the eastern end of North Shore Drive to be any distance other than sixty feet should be declared null and void." The plat and the plan of development of property owners such as plaintiffs, whose land abuts North Shore Drive, indicate the right of way is sixty-feet wide.

Linda Fluegel, Town Administrator, gave deposition testimony stating that Sunset Beach was incorporated in 1964 and roads in existence at that time were dedicated to the town at that time. Fluegel also testified that a valid plat, in compliance with the town's ordinances, must have a deed reference number, certificate of ownership and dedication and must be signed off by the Planning Board indicat-

EMICK v. SUNSET BEACH & TWIN LAKES, INC.

[180 N.C. App. 582 (2006)]

ing approval of the plat. The plat filed by defendants on 7 June 2004 (Map 30, Page 274, Brunswick County Registry) indicating North Shore Drive was thirty feet wide, failed to meet the requirements for a valid plat pursuant to the Sunset Beach Town Ordinance. Based on plaintiff's property rights evidenced in their deed, the sworn affidavit of plaintiff,[3] and the deposition testimony of the Town Administrator, Linda Fluegel, we reverse the trial court's findings and conclusion that plaintiffs lacked standing to seek this declaratory action.

### Summary Judgment

[2] Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). The evidence must be considered in a light most favorable to the non-moving party. *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). When reviewing the trial court's grant of summary judgment, this Court's standard of review is *de novo. Id.*

Plaintiffs' evidence showed a chain of title going back to the Bowen Subdivision[4] which references a plan of development with a sixty-foot-wide North Shore Drive. This plan of development is memorialized in three places in the Brunswick County Registry: (a) the 1965 map at Book 8, page 7; (b) the 1976 map at Book H, page 356; and (c) the 1977 map in Book I, at page 379. The 1977 map was specifically referenced in plaintiffs' deed.

*Ward v. Sunset Beach and Twin Lakes, Inc.*, 53 N.C. App. 59, 279 S.E.2d 889 (1981), is a case which also involved the development of Sunset Beach. In *Ward*, the plaintiff had purchased two lots in 1955 from Sunset Beach "pursuant to a recorded 1955 map, specifically

---

3. Plaintiff Dudley J. Emick submitted an affidavit on 15 July 2004 stating "[b]efore our purchase of the house, we inquired about the development plan for this area. We were told that houses could not be built on the strip of land between North Shore Drive and the canal because it was not wide enough . . . Our deed specifically refers to Map Cabinet I at Page 379, as the basis for our [2001] conveyance. That map . . . shows North Shore Drive to be sixty feet wide . . . [and was] a part of a development plan for the eastern end of Sunset Beach dating back to 1955. It is my intent in this lawsuit to require these Defendants to follow this [1955] development plan."

4. In 1965, Sunset Beach conveyed three tracts of land to James Bowen which showed North Shore Drive as a sixty-foot right of way. Bowen subdivided those lots and a map was filed in 1977 in Map Book I, page 379 (Bowen Subdivision). Several maps prepared from 1955 until 1976 indicated that roads running east to west on the island, which included North Shore Drive, were to be sixty-feet wide.

Lots 3 and 4 of Block 25." This is the same plat that began the plan of development of Sunset Beach (Map Book 4, at pages 64-65, Brunswick County Registry). From 1955 to 1967, Tubbs Inlet engulfed a portion of the beach on the eastern end of the island including the plaintiff's lots. Sunset Beach dredged the waterway and later opened a smaller inlet, which changed the configuration of the beach, including Block 25. *Ward*, 53 N.C. App. at 63, 279 S.E.2d 889 at 892. In 1976, Sunset Beach had a new map[5] prepared on which Lots 3 and 4 on Block 25 (Map Book 4, pages 64-65, Brunswick County Registry), were redrawn as lots 22, 23, 24, and 25 of Block 15R. Sunset Beach also relocated Main Street by which the plaintiffs had access to their property. The Court determined in *Ward* that even though the property had been engulfed by water and reclaimed by Sunset Beach, the "plaintiff once again became fee simple owner of those lots and was entitled to the easement as it existed at the time the plaintiff first acquired the two lots." *Id.*, 53 N.C. App. at 63, 279 S.E.2d at 892. The *Ward* decision explained:

> That the grantor, by making such a conveyance of his property, induces the purchasers to believe that the streets and alleys, squares, courts, and parks will be kept open for their use and benefit, and having acted upon the faith of his implied representations, based upon his conduct in platting the land and selling it accordingly, he is equitably estopped, as well in reference to the public as to his grantees, from denying the existence of the easement this created.

*Id.*, 53 N.C. App. at 66, 279 S.E.2d at 893-94. The Court further stated:

> This principle and its rationale are equally applicable in the case before us. It seems clear in this case, as in most cases, that plaintiff was induced, in part, to purchase lots 3 and 4 because the lots were accessible by some means other than the ocean. Once defendant reclaimed plaintiff's land, plaintiff once again became fee simple owner with rights to her land, including access by way of the easement, as it existed at the time of the purchase. Defendant could not revoke the easement as shown on the 1955 Map by having a new map platted.

*Id.*

In the instant case, plaintiffs have provided their deed as record evidence. Such deed falls in the chain of title that follows maps and

---

5. It is the same map that defendants assert should control in this case, at Book H, page 358, although it follows no chain of title.

plats evidencing a plan of development. Plaintiffs have also supplied maps showing the plan of development and provided expert testimony to establish the location of North Shore on the ground. Based on the record evidence, we reject defendants' assertions that no genuine issues of fact exist as set out in their arguments which include: (a) the Town withdrew North Shore Drive by resolution; (b) Sunset Beach, Inc. withdrew North Shore Drive from dedication in 1999; (c) defendant Town has recognized North Shore Drive as thirty-feet wide; (d) flooding by Tubbs Inlet since 1960 changed the island insofar as plaintiffs' chain of title is concerned; and (e) later maps show North Shore Drive as thirty-feet wide. *See Singleton v. Sunset Beach & Twin Lakes, Inc.*, 147 N.C. App. 736, 556 S.E.2d 657 (2001) (summary judgment reversed and remanded for additional findings where the Court was unable to come to any real legal conclusions since (a) plaintiff produced no deed showing a chain of title to the Bowen Subdivision; (b) the parties produced no maps indicating how North Shore Drive was in fact represented in a chain of title; and, (c) nothing was presented showing whether alleged flooding of Sunset Beach had affected Tracts 17-19 abutting North Shore Drive).

It is clear that the map at Book 8, page 7, shows North Shore Drive as a dedicated street, sixty feet in width, running the length of the eastern end of the island to Tubbs Inlet, past plaintiffs' lot on Tract 19, as early as 1963. North Shore Drive is the only avenue to Tracts 17-20 and has never been abandoned. Defendants argue they withdrew North Shore Drive in 1999 by filing a "Withdrawal" pursuant to N.C.G.S. §§ 136-96 and 160A-299. We reject this theory. North Carolina case law supports plaintiffs' right to enforce the plan of development within their chain of title. Based on the evidence viewed in the light most favorable to plaintiffs, the trial court erred in granting Rosewood Investments' motion for summary judgment. We therefore reverse the grant of Rosewood Investments' motion for summary judgment because of the existence of genuine issues of material fact, and we remand this matter for trial.

II

**[3]** Plaintiffs argue the trial court erred by setting aside the entry of default and permitting Rosewood Investments to participate in this action. We disagree.

Pursuant to the provisions of N.C. Gen. Stat. § 1A-1, Rule 55(d), the trial court may set aside an entry of default for good cause shown. A motion to set aside an entry of default is addressed to the sound

discretion of the trial judge and the order of the trial court ruling on such a motion will not be disturbed on appeal absent a showing of abuse of that discretion. *Britt v. Georgia-Pacific Corp.*, 46 N.C. App. 107, 108, 264 S.E.2d 395, 397 (1980); *Privette v. Privette*, 30 N.C. App. 41, 44, 226 S.E.2d 188, 190 (1976); *Acceptance Corp. v. Samuels*, 11 N.C. App. 504, 510-11, 181 S.E.2d 794, 798 (1971). In our appellate review, we consider the following factors: "(1) was defendant diligent in pursuit of this matter; (2) did plaintiff suffer any harm by virtue of the delay; and (3) would defendant suffer a grave injustice by being unable to defend the action." *Automotive Equipment Distributors, Inc. v. Petroleum Equipment & Service, Inc.*, 87 N.C. App. 606, 608, 361 S.E.2d 895, 896-97 (1987). However, "inasmuch as the law generally disfavors default judgments, any doubt should be resolved in favor of setting aside an entry of default so that the case may be decided on its merits." *Peebles v. Moore*, 48 N.C. App. 497, 504-05, 269 S.E.2d 694, 698 (1980) (citation omitted), *modified and aff'd*, 302 N.C. 351, 275 S.E.2d 833 (1981).

On 24 November 2004, the Clerk of Superior Court signed an entry of default against Rosewood Investments. This entry was made at the request of defendants and third-party plaintiffs, Sunset Beach & Twin Lakes and Edward M. and Dinah E. Gore. On 9 June 2005, an order setting aside this entry of default was entered by the Court.

In this case, for good cause shown, the trial court set aside the entry of default. The third-party plaintiffs who obtained the entry of default stipulated to the existence of good cause for setting aside the entry. Therefore, the Court did not abuse its discretion in finding good cause. Appellants in this case have presented no evidence to show that the Court has abused its discretion in making this determination:

> Appellant has not favored us with the evidence heard by the trial judge upon defendant's motion to vacate the entry of default. Where appellant fails to bring the evidence up for review, we presume the trial judge acted within his discretion on evidence showing good cause to vacate the entry of default. In this case Appellants have likewise failed to show the Court what evidence the trial judge heard to set aside the Entry of Default and it is therefore presumed that he acted within his discretion.

*Crotts v. Camel Pawn Shop, Inc.*, 16 N.C. App. 392, 394, 192 S.E.2d 55 (1972). In this case, the trial court's order setting aside the entry

**EMICK v. SUNSET BEACH & TWIN LAKES, INC.**

[180 N.C. App. 582 (2006)]

of default did not create any additional issues or create prejudice to plaintiffs.

> The failure of a defendant who has been duly served to appear and answer a complaint seeking a declaratory judgment constitutes an admission of every material fact pleaded which is essential to the judgment sought, but the court must, nevertheless, proceed to construe such facts or instruments set out in the complaint and enter judgment thereon; the default caused by the defendant's failure to appear and answer does not entitle the plaintiff to a judgment based on the pleader's conclusions. The default admits only the allegations of the complaint and does not extend either expressly or by implication the scope of the determination sought by the plaintiff, or which could be granted by the court.

*Baxter v. Jones*, 14 N.C. App. 296, 311, 188 S.E.2d 622, 631 (1972). We hold the trial court did not abuse its discretion in setting aside Rosewood Investments' entry of default judgment in order for the case to proceed on the merits. This assignment of error is overruled.

In conclusion, we vacate the 28 June 2005 order concluding plaintiffs lacked standing; reverse the 24 and 31 August 2005 orders granting Rosewood Investments' summary judgment and remand for a trial on the merits; and affirm the setting aside of Rosewood Investments' entry of default judgment.

Vacated in part; Reversed and remanded in part; and Affirmed in part.

Judges McGEE and ELMORE concur.