DUDLEY J. EMICK and MARTHA E. EMICK, Plaintiffs,
v.
SUNSET BEACH & TWIN LAKES, INC., EDWARD M. GORE, DINAH E. GORE, and TOWN OF SUNSET BECAH, Defendants and Third-Party Plaintiffs,
v.
RONALD ERNEST COHN, ET ALS., Third-Party Defendants.
No. COA08-184
Court of Appeals of North Carolina
Filed December 16, 2008
This case not for publication
Kennedy Covington Lobdell & Hickman, L.L.P., by Beverly A. Carroll and Andrew M. Habenicht, for plaintiffs.
Roy D. Trest for defendants.
ELMORE, Judge.
Dudley J. and Martha Emick (plaintiffs) appeal from a judgment declaring that a road abutting their land in Sunset Beach is sixty feet, not thirty feet, wide. We affirm the trial court's judgment.

I.
This matter has been in litigation for quite some time. Background facts irrelevant to the current issues on appeal can be found at Emick v. Sunset Beach & Twin Lakes, Inc., 180 N.C. App. 582, 638 S.E.2d 490 (2006). For purposes of this appeal, the relevant facts are as follows.
On 21 July 1965, a map was recorded with the Brunswick County Registry (Registry) in Map Book 8, Page 7, reflecting that North Shore Drive would have a right of way sixty feet in width. In August 1965, a deed dated 22 July 1965 was recorded with the Registry conveying large parcels of land to James C.L. and Mary J. Bowen (Bowens); that deed referenced the map at Book 8, Page 7.
In 1969, Sunset Lake & Twin Lakes, Inc. (defendants),[1] began the reclamation of land lost to Tubbs Inlet when it shifted direction and submerged a portion of the island. When reclamation was complete, that portion of the island  which contains the property at issue here  was re-platted and re-subdivided per a map recorded at Map Book H, Page 358, at the Registry. That map shows North Shore Drive as having a right of way thirty feet in width.
In 2004, plaintiffs purchased[2] a certain lot just south of North Shore Drive's right of way. When plaintiffs saw land being cleared on the other side of North Shore Drive, they brought an action seeking a declaratory judgment that a plan of development existed for the area.
In the suit's most recent foray to this Court, we vacated the trial court's ruling that plaintiffs did not have standing. Emick, 180 N.C. App. at 591, 638 S.E.2d at 497. A bench trial was conducted and judgment was entered declaring North Shore Drive to be thirty feet in width. Plaintiffs appeal from that judgment.

II.

A.
Plaintiffs argue that the trial court erred in certain findings of fact and conclusions of law. When a trial court sits without a jury, its findings of fact "are conclusive on appeal if there is evidence to support those findings."Shear v. Stevens Bldg. Co., 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992). We review its conclusions of law de novo. Id. Thus, if competent evidence supports the trial court's findings of fact, and those findings in turn support the trial court's conclusions of law, we affirm that judgment.

B.
Plaintiffs ask this Court to reverse the trial court's judgment and instruct that court to enter judgment declaring that a plan of development exists for the relevant portion of the island that provides for North Shore Drive as a sixty-foot right of way. For the following reasons, we decline to do so.
The central dispute in this action is which of several maps of the island of Sunset Beach contains its plan of development, as the different maps show the right of way for North Shore Drive as either thirty or sixty feet. The trial court's judgment is based on findings of fact and conclusions of law that the map found at Book H, Page 358, of the Registry reflects the current layout of the eastern end of the island, and that development of the area has occurred pursuant to the plan in that map rather than any earlier one. First, the trial court made these findings of fact:
22. That extensive development has occurred not only on the eastern end of the island of Sunset Beach, but throughout the island of Sunset Beach, since 1965 and since the recordation of the map recorded in Map Book 8[,] Page 7. The development has occurred pursuant to the plan of development shown in Map Book H[,] Page 358[,] and not the earlier map recorded in Map Book 8 at Page 7.
23. That the development of the island of Sunset Beach occurred through the sale and conveyance of numerous lots pursuant to the map recorded in Map Book H[,] Page 358[,] which was recorded in September 1976. That the street known as North Shore Drive is shown as a thirty (30) foot street from Cobia Street to the eastern end of the island of Sunset Beach on the map recorded in Map Book H[,] Page 358.
The trial court then concluded that:
(1) [the maps at Map Book H, Page 356, and Map Book I, Page 379,] by which the Plaintiffs purchased their property, created no easement or right-of-way for North Shore Drive pursuant to the map recorded in [Map Book 8, Page 7.]
(2) [the map at Map Book H, Page 358,] showing a thirty (30) foot width of North Shore Drive is the plan of development for the eastern end of the island of Sunset Beach.
Plaintiffs, however, insist that the maps found at Book 8, Page 7, and at Book I, Page 379, of the Registry are the only maps upon which conclusions regarding the width of North Shore Drive may be based because the former forms the basis of their chain of title and the latter is within that chain, whereas the map found at Book H, Page 358, of the Registry follows no chain and is irrelevant to plaintiffs' title. This argument ignores the plain evidence put before the trial court that (1) only the map at Book H, Page 358, accurately reflects the eastern end of the island after the land from Tubbs Inlet was reclaimed, and (2) since the street itself was constructed thirty-eight years ago, it has been maintained as thirty feet in width.
Both of these points are substantiated by the testimony at trial of Edward M. Gore, whose family company graded and constructed North Shore Drive in April 1970. He testified that: as of 18 March 1966, North Shore Drive had not been opened or constructed; in April 1970, Gore's family company had just finished reclamation of the land swallowed by the shifting of Tubbs Inlet; also in April 1970, Gore's family company graded and constructed North Shore Drive at a width of thirty feet; the town of Sunset Beach currently maintains North Shore Drive from Cobia Street east at a width of thirty feet. The map at Book H, Page 358, reflects that thirty-foot width.
We also find significant, as did the trial court, that: at the time plaintiffs purchased their lot, development had begun along North Shore Drive, and the road was in existence and being maintained at a width of thirty feet; and that no evidence was presented at trial that either plaintiffs or any of their predecessors in title had raised any issue regarding the width of the road until development began by defendants in recent years.

III.
Given this evidence, we cannot conclude that the trial court's findings of fact were in error, as they are based on competent evidence in the record. These findings of fact support the court's conclusions of law, and, as such, we affirm the judgment of the trial court.
AFFIRMED.
Judges TYSON and CALABRIA concur.
Report per Rule 30(e).
NOTES
[1] Although the parties occupy various roles  plaintiff, defendant, third party plaintiff, and third party defendant  with regard to each other in this case, for simplicity's sake, we refer to Sunset Beach & Twin Lakes, Inc., as "defendants."
[2] The persons from whom plaintiffs purchased the lot are not party to this action.